## CHARLES CASHMAN *v.* CONCETTA CASHMAN
## (14179)

Lavery, Landau and Shea, Js.

---

Argued January 22—officially released May 21, 1996

*Dianne Andersen,* with whom, on the brief, was *Susan Williams,* for the appellant (defendant).

*Patrick R. Gill,* for the appellee (plaintiff).

LAVERY, J. The defendant appeals from the judgment of the trial court granting the plaintiff's motion to dismiss on the ground that the court lacks personal jurisdiction over the plaintiff. On appeal, the defendant claims that the trial court improperly (1) found that General Statutes § 46b-46 (b)[1] was not applicable to the defendant's motion for modification, (2) found that § 46b-46 (b) was not satisfied because Connecticut was not the domicile of both parties at the time of dissolution, and (3) concluded that the exercise of personal jurisdiction over the plaintiff would violate due process. We conclude that the trial court improperly found that it lacked personal jurisdiction over the plaintiff and reverse the judgment of the trial court.

The following facts were presented to the trial court by way of the pleadings and documents accompanying the plaintiff's motion to dismiss. The plaintiff and the defendant were married in 1959 and resided in Connecticut prior to their separation in 1980. After the separation, the plaintiff moved to Ardsley, New York. The defendant has continued to reside in Connecticut. In December, 1980, the plaintiff commenced this action for dissolution of marriage in Connecticut while residing in New York state. On February 9, 1983, the trial court rendered a judgment that, inter alia, dissolved the marriage and awarded to the defendant periodic alimony.

---

[1] General Statutes § 46b-46 (b) provides: "The court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of section 46b-44; and (3) this state was the domicile of both parties immediately prior to or at the time of their separation."

On May 26, 1994, the defendant filed a motion for modification of alimony. The plaintiff was personally served with the motion at his home in Purdys, New York. On June 10, 1994, the plaintiff filed a motion to dismiss for lack of personal jurisdiction. On November 4, 1994, the trial court held that it lacked personal jurisdiction over the plaintiff and granted the plaintiff's motion to dismiss. In its memorandum of decision, the trial court found that § 46b-46 (b) is not applicable to the defendant's motion for modification of alimony because the matter is not one for dissolution, annulment, legal separation or custody. The court also found that the domicile requirement of § 46b-46 (b) has not been satisfied because Connecticut was not the domicile of both parties immediately prior to or at the time of dissolution. Finally, the trial court found that it would violate the plaintiff's due process rights to assert jurisdiction in this case. The defendant filed this appeal.

I

The defendant claims that the trial court improperly found that § 46b-46 (b) is not applicable to the defendant's motion for modification of alimony. The defendant argues that § 46b-46 (b) permits Connecticut courts to exercise personal jurisdiction over nonresidents in matters concerning modification of alimony if the nonresident receives actual notice of the proceeding, the party requesting modification is a resident of Connecticut and Connecticut was the domicile of both parties immediately prior to their separation. We agree.

We begin our analysis of § 46b-46 (b) by examining the text of the statute.[2] "In interpreting the language of a

---

[2] We recognize that § 46b-46 (b) was amended by No. 95-310 of the 1995 Public Acts, which became effective on January 1, 1996. In its amendment to § 46b-46 (b), the legislature deleted the requirement that Connecticut be the domicile of both parties immediately prior to or at the time of their separation. Public Acts 1995, No. 95-310. We will analyze the defendant's claims under the statute as it was in 1994 when the plaintiff was personally served with the defendant's motion for modification of alimony.

statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. *Caldor, Inc.* v. *Heffernan*, 183 Conn. 566, 570, 440 A.2d 767 (1981). When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. *American Universal Ins. Co.* v. *Del-Greco*, 205 Conn. 178, 193, 530 A.2d 171 (1987). Indeed, [a] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, there is no room for construction. . . . *State* v. *Genotti*, 220 Conn. 796, 807, 601 A.2d 1013 (1992)." (Internal quotation marks omitted.) *Oller* v. *Oller-Chiang*, 230 Conn. 828, 848, 646 A.2d 822 (1994). The plain meaning of § 46b-46 (b) allows the trial court to "exercise personal jurisdiction over the nonresident party as to *all matters concerning temporary or permanent alimony*" if the specific notice, residency and domicile provisions are satisfied. (Emphasis added.) We interpret the language of the statute to include matters concerning the modification of alimony.

The plaintiff argues that § 46b-46 applies only to initial divorce proceedings and does not apply to proceedings to modify divorce decrees. The trial court agreed with the plaintiff and held that § 46b-46 is not applicable to the defendant's motion because this matter is not one for dissolution, annulment, legal separation or custody as stated in § 46b-46 (a).[3] We conclude that § 46b-46 (b) is not limited to the proceedings outlined in § 46b-46 (a).

---

[3] General Statutes § 46b-46 (a) provides in pertinent part: "On a complaint for dissolution, annulment, legal separation or custody, if the defendant resides out of or is absent from the state . . . any judge or clerk of the supreme court or of the superior court may make such order of notice as he deems reasonable. After notice has been given and proved to the court, the court may hear the complaint if it finds that the defendant has actually received notice that the complaint is pending. . . ."

Subsections (a) and (b) of § 46b-46 serve distinct purposes. "Subsection (a) confers jurisdiction upon a court to deal with complaints for dissolution, annulment or legal separation when the defendant is a nonresident or his whereabouts are unknown. Subsection (a) describes the procedures that are to be followed to give such a nonresident party actual notice of the pending proceedings, and authorizes the court to hear the complaint either if the nonresident party has received such notice or if a reasonable effort to afford him notice has been made." *Jones* v. *Jones*, 199 Conn. 287, 290–91, 507 A.2d 88 (1986).

Section 46b-46 (b) is a long arm statute applicable to all matters concerning alimony and support, and is not limited to complaints for dissolution, annulment, legal separation and custody. Subsection (b) allows a court to assert personal jurisdiction over a nonresident defendant for judgments that operate in personam and bind the obligor personally; *Beardsley* v. *Beardsley*, 144 Conn. 725, 726–27, 137 A.2d 752 (1957); and imposes greater requirements than does subsection (a). In addition to the notice requirements identified in subsection (a), the party requesting alimony must meet the residency requirement of General Statutes § 46b-44 and show that Connecticut was the domicile of both parties immediately prior to or at the time of their separation.

In *Jones* v. *Jones*, supra, 199 Conn. 294, our Supreme Court held that § 46b-46 (b) permits a trial court to modify a dissolution judgment to require a nonresident defendant to pay child support if the nonresident had actual notice of the modification proceedings. We see no reason that our Supreme Court's reasoning in *Jones* is not equally applicable to modification of a judgment for the payment of alimony. We conclude that the trial court improperly found that § 46b-46 (b) was inapplicable to the defendant's motion for modification of alimony.

## II

The defendant claims that the trial court improperly concluded that the domicile requirement of § 46b-46 (b) was not satisfied because Connecticut was not the domicile of both parties immediately prior to or at the time of *dissolution*. The defendant argues that § 46b-46 (b) does not require that both parties be domiciled in Connecticut at the time of dissolution, but requires that both parties be domiciled in Connecticut at the time of their separation. We agree.

The plain language of § 46b-46 (b) states that the operative inquiry to determine whether long arm jurisdiction exists in this case as to matters concerning alimony or child support is whether Connecticut "was the domicile of both parties immediately prior to or at the time of their separation." This language is plain and unambiguous, and the legislature intended that the trial court's inquiry should focus on the time of the parties' separation, not the time of dissolution. In this case, it is undisputed that Connecticut was the domicile of both parties immediately prior to their separation in 1980. It is also undisputed that the defendant meets the residency requirements of § 46b-44 and that the plaintiff received actual notice. We conclude, therefore, that the statutory requirements of § 46b-46 (b) have been met.

## III

Having concluded that the requirements of § 46b-46 (b) have been satisfied, we shift our inquiry to whether the exercise of personal jurisdiction in this case comports with the principles of due process. See *Frazer* v. *McGowan*, 198 Conn. 243, 252, 502 A.2d 905 (1986); *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 298, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990). The trial court held that the due process clause precluded it from exercising personal jurisdiction over a

nonresident in an action to modify a judgment. We conclude that the due process clause is not violated because the plaintiff purposefully availed himself of the benefits and protections of the laws of Connecticut when he brought this action for dissolution of the marriage.

The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 471–72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1984). The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice. *Asahi Metal Industry Co.* v. *Superior Court*, 480 U.S. 102, 111–12, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); *Burger King Corp.* v. *Rudzewicz*, supra, 475–76; *Hanson* v. *Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958). As long as it creates a substantial connection with the forum state, even a single act can support jurisdiction. *McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199, 2 L. Ed. 2d 223 (1957). The court must look at the totality of the party's conduct and connection with this state and determine whether the party could have reasonably anticipated being haled into court in Connecticut. *Frazer* v. *McGowan*, supra, 198 Conn. 249.

"If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. Reasonable notice and reasonable

opportunity to be heard must be given the party at each new step in the proceeding." 1 Restatement (Second), Conflict of Laws § 26 (1988); see also *Michigan Trust Co.* v. *Ferry*, 228 U.S. 346, 353, 33 S. Ct. 550, 57 L. Ed. 867 (1913). Under the doctrine of continuing personal jurisdiction, once a divorce judgment is granted by a court with personal jurisdiction, neither party can escape jurisdiction in future proceedings that attempt to modify or alter the judgment. *McAleavy* v. *McAleavy*, 150 Wis. 2d 26, 31, 440 N.W.2d 566 (1989).

The trial court based its holding on the United States Supreme Court's decision in *Kulko* v. *Superior Court of California*, 436 U.S. 84, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978). In *Kulko*, the court held that the California state courts could not exercise in personam jurisdiction over a nonresident, nondomiciliary parent of minor children domiciled within the state unless the nonresident purposefully derives benefits from any activities relating to the state. Id., 93–94. This case is different from *Kulko* because the plaintiff purposefully availed himself of the benefits of bringing the action for dissolution in Connecticut.

We hold that the plaintiff established sufficient contacts with Connecticut when he filed this action for dissolution in December, 1980. By bringing this action, the plaintiff could have reasonably anticipated being amenable to further legal proceedings in connection with the Connecticut judgment. See General Statutes § 46b-86 (a).[4] We find that the plaintiff has sufficient contact with Connecticut such that the exercise of jurisdiction in this case does not offend traditional notions of

---

[4] General Statutes § 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of substantial change in the circumstances of either party . . . ."

fair play and substantial justice. We conclude, therefore, that the trial court improperly granted the plaintiff's motion to dismiss.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.