[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter has come before the court on the plaintiff's post-judgment motion to modify alimony and child support filed May 4, 1995. Also before the court is the defendant's motion to dismiss the motion to modify for lack of personal jurisdiction, filed on August 14, 1995.
At issue is whether the Connecticut trial court, which entered the original dissolution judgment, has in personam
jurisdiction over the defendant in relation to a motion to modify after both parties have given up their Connecticut residency.
On May 19, 1989, the Hon. Robert Fuller entered judgment dissolving the parties' marriage. The judgment file shows that both parties resided in Connecticut at that time; the plaintiff in Sherman, and the defendant in Branford. By affidavit, the defendant represents that he relocated to Pennsylvania in June of 1990 and has resided there ever since. The parties agree that the plaintiff moved to New York State sometime in 1989 or 1990, but do not agree on whether she did so prior to or after the divorce decree.
In June of 1991, with the defendant in Pennsylvania and the plaintiff in New York, both parties filed motions to modify the CT Page 6919 judgment. On August 6, 1991, they reached an agreement with regard to those motions, which the Hon. Elaine Gordon accepted and ordered. That agreement embodies the current periodic alimony and support orders which the plaintiff is seeking to modify.
This court's determination of the case at bar must comport with the recent Connecticut Appellate Court decision of Cashmanv. Cashman, 41 Conn. App. 382 (1996). Because the facts and issues of both cases are remarkably similar, this court will track the appellate court's analysis.
Factually, Cashman differs from this action in two significant respects only. First, the plaintiff in that case was the party seeking a dismissal of the defendant's motion to modify. Here the defendant is seeking the court's dismissal of the plaintiff's motion. Second, the defendant who was seeking the modification in Cashman was a Connecticut resident at the time of the modification proceeding. Here, both parties have left the state.
Under Cashman, the consideration of the personal jurisdiction issue is a two-step process. This court must first decide whether Connecticut's pertinent long arm statute, Connecticut General Statute § 46b-46 (b), authorizes exercise of personal jurisdiction over this non-resident defendant. If so, we must then determine whether requiring him to defend a post-judgment modification proceeding in Connecticut would offend traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
 I
Under § 46b-46 (b),
 [t]he court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony or support of children meets the residency requirement of § 46b-44; and (3) this state was the domicile or both parties immediately prior to or at the time of their separation.
The Cashman court held that § 46b-46 (b) not only applies to actions on complaints for dissolution or legal separation, but CT Page 6920 that it also "permits Connecticut courts to exercise personal jurisdiction over nonresidents in matters concerning modification of alimony if the nonresident receives actual notice of the proceeding, the party requesting the modification is a resident of Connecticut and Connecticut was the domicile of both parties immediately prior to their separation."[1] 41 Conn. App. 382,385.
The parties do not dispute the controlling facts of the case at bar. Because the defendant received actual notice of the plaintiff's motion, as required by § 46b-46 (b)(1), and the parties were domiciled in Connecticut at the time of the separation for purposes of § 46b-46 (b)(3), the first and third requirements of that statute are met. The only issue with regard to the statute is whether the residency requirement of § 46b-44 is satisfied, as required by § 46b-46 (b)(2). The relevant parts of § 46b-44 read as follows:
 (a) A complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state.
. . .
 (c) A decree dissolving a marriage or granting a legal separation may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree; or (2) one of the parties was domiciled in this state at the time of the marriage and returned to this state with the intention of permanently remaining before the filing of the complaint; or (3) the cause for the dissolution of the marriage arose after either party moved into this state."
The seminal issue in the case at bar is this: what is the residency requirement of § 46b-44 when that statute is read within the context of an action to modify a preexisting judgment? The statute speaks in terms of complaints and decrees, not modification actions. The plaintiff argues that the court should read § 46b-44 literally to require only that the terms of that statute must have been satisfied at the time of judgment; that it imposes no requirement that either party be domiciled in Connecticut when the modification is sought. The defendant takes the position that the statute requires the residency of at least CT Page 6921 one of the parties at the time of modification.
In weighing this issue, the court finds guidance in the Connecticut Supreme Court decision of Jones v. Jones,199 Conn. 287 (1986). On February 24, 1971, Mrs. Jones, a Connecticut resident, secured a default dissolution judgment from the Connecticut courts approximately five years after Mr. Jones had left the state for parts unknown. At that time she did not seek, and was not awarded child support, as she was unable to prove that the defendant had actual notice of those proceedings.
In 1981, after having located the defendant in Oregon, the plaintiff moved the trial court to reopen the 1971 judgment, and order the defendant to pay child support prospectively only. She claimed that § 46b-46 (b) authorized the Connecticut court to exercise personal jurisdiction over the defendant with regard to her modification action, since he had been personally served by Oregonian authorities with notice thereof.
The defendant did not dispute that he had been properly served with notice of the modification proceeding. He claimed that the Connecticut courts could not exercise personal jurisdiction over him under § 46b-46 (b) as he had never been served with notice of the original divorce complaint. At issue was the meaning of the notice requirement of § 46b-46 (a) as referenced by § 46b-46 (b)(1), within the context of a modification action.
As is true with § 46b-44 § 46b-46 (a) does not speak to modification actions but to complaints only. Nonetheless the Supreme court in Jones held that the reference in § 46b-46
(b) to § 46b-46 (a) "does not necessarily imply a linkage between the timing of a dissolution decree and an order for child support. It is more likely that the legislature intended by the reference to interpolate into subsection (b) the procedural rules for notification that are contained in subsection (a). Needing to provide instructions for the manner in which notice should be given a nonresident defendant against whom a nonsupport claim is pending the legislature intended to incorporate by reference the applicable rules already set out in subsection (a) for complaints for dissolution annulment or legal separation." Jones, supra at 292.
In similar fashion this court holds that the legislature by referring to § 46b-44 in § 46b-46 (b)(2) intended merely CT Page 6922 to incorporate into the latter the residency standards already set out in the former. The legislature did not intend to imply that the courts exercise of personal jurisdiction at the time of modification was governed solely by the state of affairs at the time the original complaint was filed or the decree was entered. Those two statutes when read together relative to a motion to open and modify a preexisting judgment demand that the residency requirement be satisfied when the modification action is commenced.
Section 46b-46 (b)(2) says that "the court may exercise personal jurisdiction over the nonresident party . . . only if: . . . (2) the party requesting alimony or support of childrenmeets the residency requirement of § 46b-44" (emphasis added). It does not say that the court may exercise personal jurisdiction if the movant currently meets or did at the time of the complaint or decree meet the residency requirement
The appellate court in Cashman stated that § 46b-46 (b) permits Connecticut courts to exercise personal jurisdiction over nonresidents in matters concerning modification . . . if . . . the party requesting modification is a resident of Connecticut41 Conn. App. 382, 385 (emphasis added). The court did not say that Connecticut courts could exercise such jurisdiction if the party requesting modification is currently or was at the time of the complaint or decree a Connecticut resident.
When applying § 46b-46 (b)(2) to an action to modify a preexisting judgment the court must weigh the circumstances as they then exist. In that situation the court must read § 46b-44
as follows:
 (a) A [motion to open and modify the judgment] may be filed at any time after either party has established residence in this state
. . .
 (c) An [order opening and modifying the judgment] may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the [motion] or next preceding the date of the [order]; or (2) one of the parties was domiciled in this state at the time of the marriage and returned to this state with the intention of permanently remaining before the filing of the [motion]; or (3) the cause for the [modification] arose after either party moved into this state.
CT Page 6923
Under the facts to which the plaintiff stipulates she does not satisfy this residency requirement. Therefore this court cannot exercise personal jurisdiction over the defendant under § 46b-46 (b)
 II.
In Cashman, the appellate court also addressed whether the exercise of personal jurisdiction would violate the respondent's Constitutional due process rights. Because Connecticut General Statute § 46b-46 (b) does not authorize the exercise of personal jurisdiction over the defendant this court declines to take up this issue.
"[W]herever possible . . . it is incumbent upon a court to consider statutory issues before reaching constitutional questions." DeBeradinis v. Zoning Commission of City of Norwalk,228 Conn. 187, 195 (1994) (internal citations and quotations omitted.) This court must follow "the recognized policy of self-restraint and the basic judicial duty to eschew unnecessary determinations of constitutional questions." Id.
"Constitutional issues are not to be considered by the court unless absolutely necessary to the decision of a case. . . . [T]he court will not pass upon a constitutional question if there is present some other ground upon which the case may be decided."In re. Estate of Salerno, 42 Conn. Sup. 526, 532 (1993) (internal citations and quotations omitted.)
For the foregoing reasons the defendant's motion to dismiss the plaintiff's motion to open and modify the judgment is granted
David W. Skolnick, Judge