[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE PLAINTIFF'S MOTION TO REARGUE,RECONSIDER AND SET ASIDE JUDGEMENT (#245)
On January 8, 1997 the court granted this motion in order to allow the plaintiff to reargue the issues.
The plaintiff's motion entitled "Motion to Fix Arrearage" seeks to have a trial on the merits. The plaintiff may have a cause of action founded upon the judgment entered in this case. The plaintiff must bring a separate action, alleging her claim for money due in the form of a complaint. The defendant may have special defenses to plead, counterclaims to plead and he must be given the opportunity to plead to the plaintiff's allegations, in order to frame the issues for trial.
The plaintiff's reliance on Spalding v. Spalding,171 Conn. 220 is misplaced. That case found the defendant's California divorce decree to be valid and entitled to full faith and credit in Connecticut. Roberts v. Roberts, 32 Conn. App. 465 (1993) is also not on point. That case concerned the enforcement of a court order directing sale of a parcel of real estate. The issue of the clean hands doctrine was never raised.
This court never stated it lacked jurisdiction, but rather that it would not exercise its jurisdiction to enforce an order in favor of a party who was in court without "clean hands".
The citation of Cashman v. Cashman, 41 Conn. App. 382 (1996) does not help the plaintiff for that case reversed the trial court's granting of the plaintiff's motion to dismiss on the ground that the court lacked personal jurisdiction over the plaintiff. This court, in this case, made no such finding.
For the reasons stated, the court declines to reverse its earlier rulings.
HARRIGAN, J.