[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISMISS CODED 142
The plaintiff has filed a motion to dismiss, coded 142, seeking to dismiss the defendant's motion for alimony pendente lite and counsel fees, dated December 16, 1996, as well as any other motion directed against the plaintiff, and any trial of this matter purporting to claim a new permanent alimony, property division, or the like, on the grounds that this court lacks personal jurisdiction over the plaintiff. Many of the facts that give rise to this motion are not in dispute. On January 26, 1993, the marriage of the parties was dissolved by the Superior Court at Concord, New Hampshire. The defendant filed a petition for filing a foreign matrimonial judgment with the Superior Court for the Judicial District of Litchfield on December 5, 1994 in accordance with § 46b-71 and § 46b-72. On December 27, 1994, the defendant filed a motion in the Judicial District of Litchfield to open the New Hampshire judgment on the grounds of fraud. The plaintiff filed a motion, dated February 13, 1995, in the Judicial District of Litchfield to transfer this case to the Judicial District of Danbury on the grounds that the plaintiff resided in Sherman, Connecticut, which is within the Danbury Judicial District. The motion to transfer was granted by stipulation of the parties on February 29, 1995. The plaintiff was personally served by a sheriff regarding the defendant's motion to open judgment, and was a Connecticut resident at the time the proceeding commenced. This court rendered its memorandum of decision, dated June 14, 1996, vacating all of the financial orders entered in the State of New Hampshire in the judgment of January 26, 1993. The plaintiff left the State of Connecticut prior to June 14, 1996 and has resided in the State of New York since leaving the State of Connecticut. The dissolution of marriage entered by the New Hampshire court remained in full CT Page 4063 force and effect as a result of the decision filed by this court dated June 14, 1996. This court also entered an order temporarily staying all further proceedings in Connecticut in so far as a new hearing to determine financial orders pending a determination by the New Hampshire court as to whether it has continuing jurisdiction to enter new financial orders. By order dated December 4, 1996, the New Hampshire court has declined to exercise jurisdiction over the parties or over the issues raised in the defendant's petition to the Connecticut court. The stay entered by this court has been vacated. The plaintiff was a resident of the State of Connecticut, and the defendant was a resident of the State of Vermont when the defendant filed the New Hampshire matrimonial judgment in Connecticut on or about December 5, 1994.
Section 46b-71 (b) provides, in part, as follows:
 Such foreign matrimonial judgment shall become a judgment of the court of this state where it is filed and shall be enforced and otherwise treated in the same manner as a judgment of a court in this state. . . . A foreign matrimonial judgment so filed shall have the same effect and may be enforced or satisfied in the same manner as any like judgment of a court of this state and is subject to the same procedures for modifying, altering, amending, vacating, setting aside, staying or suspending said judgment as a judgment of a court of this state; provided, in modifying, altering, amending, setting aside, vacating, staying or suspending any such foreign matrimonial judgment in this state the substantive law of the foreign jurisdiction shall be controlling.
The determination of whether the court has jurisdiction over the plaintiff in this case involves a two-prong analysis, namely, whether Connecticut has jurisdiction under its statutes and, secondly whether such jurisdiction complies with due process.Cashman v. Cashman, 41 Conn. App. 382 (1996).
Section 46b-46 (b) provides that "[t]he court may exercise personal jurisdiction over a nonresident party as to all matters concerning temporary or permanent alimony . . . only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony . . . meets the residency requirement of section 46b-44." The requirement under § 46b-46 (b) that this state was the domicile of both parties immediately prior to or at the time of their separation CT Page 4064 was eliminated as a result of No. 95-310 of the 1995 Public Acts effective January 1, 1996. In this case, the nonresident plaintiff has received actual notice of dependency of the existing motions. The Cashman court was faced with the issue of whether § 46b-46 was applicable to motions for modification or only to an action for dissolution. The Cashman court at page 386 held, in part, as follows:
 The plain meaning of § 46b-46 (b) allows the trial court to `exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony' if the specific notice, residency and domicile provisions are satisfied. [Emphasis in original.]
The court, therefore, may exercise personal jurisdiction over the nonresident plaintiff as to temporary and permanent alimony if the specific notice and residency provisions are satisfied, the domicile provision having been eliminated by statute.
The next issue then is whether the defendant meets the residency requirement of § 46b-44. Section 46b-44 provides, in part, as follows:
 (a) A complaint for dissolution of a marriage or for legal separation may be filed at any time after either party has established residence in this state.
 (b) Temporary relief pursuant to the complaint may be granted in accordance with sections 46b-56 and 46b-83 at any time after either party has established residence in this state.
 (c) A decree dissolving a marriage or granting a legal separation may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree. . . .
In this case, the plaintiff established residence in Connecticut in August, 1996. Section 46b-44 (b) provides that temporary relief pursuant to the complaint may be granted in accordance with § 46b-83 at any time after either party has established residence in this state. Section 46b-71 requires that the foreign matrimonial New Hampshire judgment be treated in the same manner as a judgment in this state and is subject to the same procedures for modifying, altering or amending said judgment CT Page 4065 as a judgment of a court of this state provided that the substantive law of the foreign jurisdiction shall be controlling. This court holds that it may exercise personal jurisdiction over the nonresident plaintiff for the purpose of entering pendente lite alimony orders since the defendant is presently a resident of the State of Connecticut, and that the nonresident plaintiff has received actual notice under the provisions of § 46b-46
(a), both of which requirements are met in this case. However, this court cannot enter permanent alimony orders unless the defendant is a resident of the State of Connecticut for at least twelve months next preceding the date such orders are entered.
This court further finds that it has personal jurisdiction over the plaintiff on the further grounds as stated in Cashmanv. Cashman. 41 Conn. App. 382, 390 (1996) as follows:
 If a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. Reasonable notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding. . . . Under the doctrine of continuing personal jurisdiction, once a divorce judgment is granted by a court with personal jurisdiction, neither party can escape jurisdiction in future proceedings that attempt to modify or alter the judgment. [Citations omitted; internal quotation marks omitted.]
The remaining issue is whether the exercise of personal jurisdiction in this case over the plaintiff complies with the principles of due process. In discussing the issue of due process, the Cashman court, at page 389, stated, in part, as follows:
 The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. . . . The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional motions of fair play and substantial justice. . . . As long as it creates a substantial CT Page 4066 connection with the forum state, even a single act can support jurisdiction. . . . The court must look at the totality of the party's conduct and connection with this state and determine whether the party could have reasonably anticipated being haled into court in Connecticut. [Citations omitted.]
The plaintiff acquired his Sherman, Connecticut home in 1992. His amended 1991 U.S. individual income tax return, dated June 1, 1993, lists that address as his home. His 1992 U.S. individual income tax return, dated April 3, 1993, also lists that address as his home. His 1993 U.S. individual income tax return, dated March 26, 1994, also lists that address as his home.
The plaintiff was a resident of the State of Connecticut from at least 1992 through 1994. He owned a residence in Sherman, Connecticut, in 1992 and 1993. As a result of residing in Connecticut and owning property in Connecticut, he had the benefit of Connecticut's police and fire protection, its school system, its hospital services, its recreational facilities, its libraries and museums. He also had the right to vote in Connecticut, and the right to run for and hold elective office in Connecticut. Since he resided in Connecticut and owned a home in Connecticut, he has purposefully derived benefits from those activities relating to Connecticut. He, therefore, has purposefully availed himself for the benefits and protection of Connecticut law. The plaintiff has created a substantial connection in Connecticut invoking the benefits and protection of the laws of the state. The exercise of jurisdiction based on those contacts would not offend traditional motions of fair play and substantial justice.
Section 44b-44 (b) provides that temporary relief may be granted in accordance with §§ 46b-56 and 46b-83 at any time that either party has established residence in this state. Section 46b-56 deals with custody and care of minor children. Section 46b-83 deals with alimony, support and use of the family home. On the other hand, § 46b-62 deals with orders for the payment of attorney's fees. There is no provision in that section allowing for temporary relief to be granted regarding the payment of attorney's fees after either party has established residence in this state for less than one year. Accordingly, this court does not have the jurisdiction to enter an attorney's fee pendente lite order prior to the time the defendant has been a resident of this state for at least twelve months. CT Page 4067
The motion to dismiss is, therefore, denied except as to attorney fees pendente lite for which it is granted.
Axelrod, J.