[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following issues were presented to the court at a hearing on February 24, 1998:
1) Whether the court has subject matter jurisdiction and personal jurisdiction over the defendant who resides out of the State of Connecticut.
2) Whether the defendant's motion to dismiss should be granted on the ground that the State of Connecticut is a necessary party to this action because alimony and child support payments were to be made directly to the Bureau of Collection and Support.
 FACTS
The plaintiff and defendant were divorced on June 28, 1983, the date judgment was entered by the Honorable John N. Reynolds. The dissolution judgment ordered the defendant to pay alimony to the wife in the amount of $30 per week. The parties had three minor children of the marriage. The defendant was ordered to pay child support in the amount of $30 per week per child for a total of $90. The combined alimony and child support order was $120 per week which, pursuant to the judgment of June 28, 1983, was to be made payable to the Bureau of Collection and Support. The orders of alimony and child support were to be "effective upon notice of such to the defendant husband and by filing return with [the] court." (June 28, 1983 Judgment.) The defendant was notified of the orders as evidenced by a notice of support order signed by the Attorney General's Office and returned to the court. Notice was sent via certified mail, return receipt requested. The return of service, however, was not signed by the defendant until July 15, 1984, approximately one year post judgment. The court takes judicial notice of the original return receipt which is part of the court's file and notes that the orders of the court were not effective until July 23, 1984, the date the notice was filed with the court.
On December 4, 1997, the plaintiff filed a motion for contempt and determination of arrearage. In response, the defendant filed a motion to dismiss and a supporting memorandum and affidavit. The plaintiff filed a memorandum of law in opposition to the motion to dismiss and several documents, including an affidavit, in support of that opposition. At oral argument, the parties agreed that the only issues before this court at this time are: (1) whether the court has subject matter CT Page 4530 jurisdiction; (2) whether the court has in personam jurisdiction over the defendant; and (3) whether the State of Connecticut is a necessary party to this action. (Hearing Transcript pp. 15-18.) The court will address each of these issues below.
I. Subject matter jurisdiction
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law and, where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 1213.[1] The defendant argued that this court lacks subject matter jurisdiction but he failed to present any legal authority in support of his position and in fact simply made the statement that the court lacks subject matter jurisdiction.
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Id. Pursuant to General Statutes § 46b-1[2]
this court has subject matter jurisdiction over the plaintiff's motion for contempt. The 1983 judgment ordered the defendant to make alimony and child support payments. If the defendant failed to do so, this court has the power to find the defendant in contempt if that failure was wilful. See Schwab v. Schwab,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 008990 (December 29, 1993, Jones, J.), aff'd,37 Conn. App. 929, 657 A.2d 726 (1995), quoting Castro v. Castro,31 Conn. App. 761, 764, 627 A.2d 452 (1993) ("`to find a party in contempt, a trial court must conclude that a party has disobeyed an order of the court. Contempt is a disobedience to the rules and orders of a court which has power to punish for such an offense. . . . A civil contempt is one in which the conduct constituting the contempt is directed against some civil right of an opposing party and the proceeding is initiated by him'"). "Contempt proceedings are a proper means of enforcing a court order of child support." Mulholland v. Mulholland,
CT Page 453131 Conn. App. 214, 220, 624 A.2d 379 (1993), aff'd, 229 Conn. 643,643 A.2d 246 (1994). "In order to hold one in contempt for violation of [such] a court order, [however], it must be shown that the alleged contemnor wilfully disobeyed the order." Schwab v. Schwab, supra, see also Turgeon v. Turgeon, 190 Conn. 269, 282, 460 A.2d 1260
(1983); Connolly v. Connolly, 191 Conn. 468, 483, 464, A.2d 837 (1983).
At the hearing on the motion to dismiss, the parties agreed that the court would not address the issue of whether the defendant is in contempt and does not do so by stating the law above. The law is set forth only to demonstrate this court's subject matter jurisdiction over the motion for contempt and nothing more. Accordingly, pursuant to the General Statutes §46b-1 and the authorities cited above, the court has subject matter jurisdiction and denies the motion to dismiss on this ground.
II.Personal jurisdiction
The determination of whether the court has jurisdiction over the defendant requires a two-pronged analysis. First, the court must determine whether Connecticut has jurisdiction under its statutes and, second, the court must determine whether such jurisdiction complies with due process. Cashman v. Cashman,41 Conn. App. 382, 676 A.2d 382 (1996).
"Section 46b-46 (b) is a long arm statute applicable to all matters concerning alimony and support, and is not limited to complaints for dissolution, annulment, legal separation and custody. Subsection (b) allows a court to assert personal jurisdiction over a nonresident defendant for judgments that operate in personam and bind the obligor personally; Beardsley v.Beardsley, 144 Conn. 725, 726-27, 137 A.2d 752 (1957); and imposes greater requirements than does subsection (a)." Cashmanv. Cashman, supra, 41 Conn. App. 387. General Statutes §46b-46 (b) provides that "[t]he court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony meets the residency requirement of section46b-44." General Statutes § 46b-46 (b) as amended by Public Acts, Spec. Sess. 1997, No. 97-1, § 52. In this case, the nonresident defendant has received actual notice of pendency of CT Page 4532 the existing motion for contempt and the plaintiff meets the residency requirement of General Statutes § 46b-44.[3]
Having determined that Connecticut has jurisdiction under the applicable long arm statute, the second prong of the test, due process, must also be satisfied. While a long-arm statute may allow Connecticut courts to assert personal jurisdiction over a nonresident, such assertion of jurisdiction must still comply with the federal constitutional requirements of due process."Cato v. Cato, 27 Conn. App. 142, 147 n. 6, 605 A.2d 558 (1992), aff'd, 226 Conn. 1, 626 A.2d 734 (1993). "AIl assertions of state court jurisdiction must be evaluated according to the minimum contacts test." Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 51,459 A.2d 503 (1983).
"The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts. Burger KingCorp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174,85 L.Ed.2d 528 (1984). The United States Supreme Court has held that the test to be applied in considering the reach of personal jurisdiction is whether (1) the nonresident party has created a substantial connection to the forum state or otherwise invoking the benefits and protections of the laws of the state, and (2) the exercise of jurisdiction based on those minimum contacts would not offend traditional notions of fair play and substantial justice. Asahi Metal Industry Co. v. Superior Court,480 U.S. 102, 111-112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger KingCorp. v. Rudzewicz, supra, 471 U.S. 475-76; Hanson v. Denckla,357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). As long as it creates a substantial connection with the forum state, even a single act can support jurisdiction. McGee v. InternationalLife Insurance Co., 355 U.S. 220, 223, 78 S.Ct. 199,2 L.Ed.2d 223 (1957). The court must look at the totality of the party's conduct and connection with this state and determine whether the party could have reasonably anticipated being haled into court in Connecticut. Frazer v. McGowan, supra, 198 Conn. 249." Cashman v.Cashman, supra, 41 Conn. App. 389.
The affidavit of the defendant avers that he left the state of Connecticut in the late 1980's. The court does not question the veracity of the sworn statement, however, "[i]f a state obtains judicial jurisdiction over a party to an action, the jurisdiction continues throughout all subsequent proceedings which arise out of the original cause of action. Reasonable CT Page 4533 notice and reasonable opportunity to be heard must be given the party at each new step in the proceeding. . . . Under the doctrine of continuing personal jurisdiction, once a divorce judgment is granted by a court with personal jurisdiction, neither party can escape jurisdiction in future proceedings that attempt to modify or alter the judgment." (Citations omitted; internal quotation marks omitted.) Cashman v. Cashman, supra,41 Conn. App. 390.
In the present case the defendant resided in Connecticut at least one year prior to the filing of the 1982 dissolution complaint (plaintiff's affidavit ¶ 3 and June 28, 1983 Judgment), the decree of dissolution was decided in Connecticut and the defendant could reasonably anticipate postjudgment proceedings in Connecticut especially in light of the judgment which ordered that payment of alimony and child support be made to the Bureau of Enforcement and Support. Accordingly, the court has personal jurisdiction over the defendant and denies his Motion to Dismiss on this ground.
III. The absence of a necessary party
The defendant argues that the court should dismiss the motion for contempt on the ground that the plaintiff has failed to join a necessary party, specifically the State of Connecticut. As set forth above, payment of both alimony and support were to be made to the Bureau of Enforcement and Support. The plaintiff responds by arguing that notice of the motion for contempt has been sent to the Bureau of Enforcement and Support and that the office of the Attorney General will be filing an appearance. Notwithstanding the arguments and representations of the parties, "a motion to dismiss is not the proper method to raise the issue of the nonjoinder of a party. Instead, the exclusive remedy for nonjoinder of indispensable parties is by way of a motion to strike." Levine v. Police Commission, 28 Conn. App. 344, 351,612 A.2d 787, cert. denied, 223 Conn. 923, 614 A.2d 823 (1992). The motion to strike is now available to parties in family proceedings and has been since October 1, 1997, prior to the filing of the defendant's motion to dismiss.[4] Furthermore, the defendant failed to provide the court with any legal authority and simply makes the statement that the State of Connecticut is a necessary party based on the language of the June 1983 judgment. Without additional information and proper supporting authority, the court cannot make a determination as to whether the State is a necessary party, even if it were proper to CT Page 4534 do so. "Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. State v. Sewell, 38 Conn. App. 20, 29,658 A.2d 598, cert. denied, 234 Conn. 918, 661 A.2d 98 (1995); State v.Gaines, 36 Conn. App. 454, 460, 651 A.2d 1297 (1994). Analysis, rather than mere "abstract assertion," is required in order to avoid abandoning an issue by failure to brief the issue properly.State v. Cain, 25 Conn. App. 503, 524, 596 A.2d 449 (1991)."Cummings v. Twin Tool Mfg. Co., 40 Conn. App. 36, 45,668 A.2d 1346 (1996). Accordingly, the court denies the motion to dismiss based on the absence of a necessary party.
For the forgoing reasons, the defendant's motion to dismiss on the grounds of lack of subject matter jurisdiction, lack of in personam jurisdiction and absence of a necessary party is denied.
James G. Kenefick, Jr Judge of the Superior Court