[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY ALIMONY
The defendant, Douglas Braley, in the above entitled matter filed a post judgment motion for modification of alimony dated April 12, 1999. The defendant applied for and was granted an order of notice requiring registered or certified mail (personal) return receipt requested notice to the plaintiff, Sheila A. Braley. The plaintiff received actual notice of the motion as is evidenced by the return receipt card and other correspondence in the file. The defendant presented oral testimony and exhibits at the hearing held on May 12, 1999. The plaintiff did not appear at the hearing and filed a pro se appearance days after the hearing had concluded. The plaintiff also sent correspondence dated May 3, 1999 stating evidentiary matters. The plaintiff also filed additional evidentiary statements in response to the defendant's memorandum of law dated June 16, 1999, June 25, 1999 and CT Page 13463 September 10, 1999. All of the above documentary statements of the plaintiff have been disregarded by the court.
By way of background the marriage between the parties were dissolved on March 18, 1994. The judgement incorporated an agreement of the parties which required defendant to pay to the plaintiff the sum of $250.00 per week for a period of seven years or until the plaintiff remarried or death of either party. The parties were awarded joint legal custody of their one minor child, Douglas G. Braley, born June 21, 1981. The primary residence of the child was awarded to the plaintiff and the defendant was ordered to pay $175.00 per week for child support. The plaintiff was awarded the marital residence and the defendant was awarded his various businesses represented as Westfield Food Mart, State Street Shell and Kennedy Road Shell (Defendant's Financial Affidavit dated March 18, 1994).
The defendant filed a motion to reopen and modify custody, visitation and child support dated January 15, 1998. On March 29, 1998, the court reopened the judgment and transferred primary residence of the minor child to the father and ordered no support order concerning the minor child by agreement of the parties. The parties both submitted financial affidavits with the plaintiff showing a net weekly wage from her employment at $65.00 per week with the defendant showing net weekly income of $1517.85 per week. In addition, the defendant disclosed real property in Virginia with equity of $125,000.00.
The court heard testimony from the defendant including the offer of an exhibit indicating that the plaintiff was residing in Florida with her fiancee (Defendant's Exhibit 1). The court hereby finds that it has jurisdiction to consider the defendant's motion to modify or terminate his alimony payment to his ex-wife under 46b-86 (a) and/or 42-86 (b). Spaulding v. Spaulding,171 Conn. 220 (1976), Baker v. Baker, 166 Conn. 476 (1974), andCushman v. Cushman, 41 Conn. App. 382 (1996). Furthermore, the court also find that, based upon the language used by the parties and incorporated into the judgment the alimony order of $250.00 is modifiable by the court. (See 46-86 (a)), Burns v. Burns,41 Conn. App. 716, 725 (1996).
The defendant at the hearing testified that the plaintiff had sold the her home in Connecticut and had moved to Florida and presently resides with her fiancee who is parenthetically a good fried of the defendant. The home where they reside in Fort Myers, CT Page 13464 Florida, is owned by the fiancee. The defendant further testified that his ex-wife had previously told him she is engaged to be married and that she would not marry until she receives the last alimony check from the defendant. The defendant further testified that the plaintiffs friend makes $125,000 per year per in income as a Shell Oil salesman. He based this statement on heresay oral statements from another sales manager for Shell Oil who he conversed with recently.
The defendant also testified that he has paid $8,500.00 for lawyers fees, fines and restitution for their son who turned 18 years old on June 21, 1999 and that he further received no support or financial assistance from the plaintiff. The case record clearly reflects that the parties agreed to no support order when the court transferred physical residence of the child to the defendant by court order on March 25, 1998. The defendant has not filed any motion to reopen the judgment seeking child support since that date.
As to the financial status of the parties at the time of the hearing, the defendant testified that the plaintiff sold her home in Connecticut and netted in excess of $100,000 from the sale. He further testified that his income has decreased from his farm business in Virginia from $700.00 to $70.00 per week, and that his farm debts to John Deere credit have increased. He also testified that his ex-wife was not working and that she had left her job in Connecticut to live with her fiancee in Florida.
The defendant did not offer any evidence as to the health of the plaintiff and the financial living arrangement between the plaintiff and her fiancee in Fort Myers, Florida. The defendant further offered no testimony as to the employability and/or earning capacity of the plaintiff while residing in the State of Florida. The defendant offered no evidence as to the weekly expenses of the plaintiff in maintaining her auto, health and dental expenses, food, clothing, charitable contributions, etc., in addition to housing expenses. The defendants financial affidavit and testimony failed to disclose the value of his three gas stations leases which were valued (in total) at $75,000 at the time of the dissolution of the marriage.
The defendant at the hearing and in his memorandum of law dated June 9, 1999, argues that he is entitled to a modification of alimony under 46b-86 (a) and/or (b). The court hereby finds that the defendant is not entitled to a modification of alimony, CT Page 13465 at this time, based upon the evidence presented and applicable statutory law. The defendant has failed to show a substantial change in circumstance of either party under the two prong test in Connecticut General Statutes Sec. 46b-86 (a), Crowley v.Crowley, 46 Conn. App. 87, 91-92 (1997). The defendant at the time of the dissolution and alimony order received all of the businesses as his sole property. The defendant's financial affidavit disclosed weekly gross income of $1,050.00 and net income of $710.17 upon which he was required to pay $250.00 per week alimony and $175.00 per week child support. The defendant, who received the marital home as her property, was earning $216.24 gross and net of $137.52.
At the time of the present hearing, the defendant was earning a total gross income of $1170.00 from his gas station businesses and his farm operation and a total net of $879.00 or $822.95 per week depending upon which financial affidavit filed by the defendant at the hearing correctly reflects the defendants actual net income. The defendant's affidavit filed at the hearing also includes equity of $105,000 in his Virginia farm which was not owned by him at the time of the divorce according to his previous affidavit filed on the date of the divorce hearing. The plaintiff, according to the defendant, was not employed at the time of the hearing, but no evidence was submitted in the record concerning her health employability, earning capacity, etc.
The defendant further contends that if he has failed to meet his burden of proving a substantial change in circumstances required under Connecticut General Statutes Sec. 46b-82 (a), he is still entitled to relief by way of modification of alimony under the provisions of Sec. 46b-82 (c). The court finds that based upon the evidence submitted by the defendant at the hearing, he has failed to meet his statutory burden of proof. Sec. 46b)86(b)(1) requires the moving party to prove cohabitation plus a change in circumstances in the financial needs of the plaintiff caused by her living arrangement.
The defendant argues that the plaintiff has substantial funds available to her to pay for expenses not payed for by her fiancee because she has sold her house with a net in excess of $100,000. He further argues she does not have to pay her month's mortgage payment which was paid off when she sold her house. The Appellate Court recently held that it was error for the trial court to conclude (as income) payments from a purchase money mortgage taken back from real property sold by the payer of alimony when CT Page 13466 such property was awarded to the payor at the time of the dissolution judgment. Schorsch v. Schorsch, 53 Conn. App. 378
(1999). The court adopts the reasoning and logic of the holding in the above case to the present controversy. The court concludes that it would be an error for the trial court to treat the plaintiff's net proceeds from the sale of her home as income for purposes of determining whether alimony should be reduced or terminated. Furthermore, the defendant bears the burden of proof that the financial needs of the plaintiff have been changed by her residence with the defendant at his home in Fort Meyers, Florida. The court was not presented with any evidence of the plaintiffs health, earning capacity, weekly expenses, liabilities, etc. The plaintiff chose not to appear and present evidence at the hearing and the post hearing evidence submitted by the plaintiff was not considered by the court.
As stated above, it is the defendant's burden to prove the statutory elements required in Sec. 46b-86 (b) to modify or terminate alimony, not the plaintiffs. The defendant has failed to sustain his burden of proof.
The court, therefore, denies the defendant's motion to reopen and modify alimony dated April 12, 1999.
Devine, J.