******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MILDRED HORNBLOWER *v.* JOHN HORNBLOWER
(AC 35550)

Bear, Sheldon and Harper, Js.*

*Argued March 19—officially released July 1, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Shay. J. [dissolution judgment];
Emons, J. [motion to dismiss].)

*Thomas M. Shanley*, for the appellant (defendant).

*Allen Gary Palmer*, for the appellee (plaintiff).

*Opinion*

SHELDON, J. In this appeal, we must examine the provisions of the Uniform Interstate Family Support Act (UIFSA), General Statutes § 46b-212 et seq. UIFSA, which has been adopted by all states, including Connecticut,[1] governs the procedures for establishing, enforcing and modifying child and spousal support, or alimony, orders, as well as for determining parentage when more than one state is involved in such proceedings. See General Statutes §§ 46b-212 to 46b-213w. The parties agree that because the subject alimony order was issued in Connecticut, Connecticut has continuing exclusive subject matter jurisdiction to modify the alimony order pursuant to General Statutes § 46b-212h (f) (1).[2] Their dispute arises from their differing interpretations of other provisions of UIFSA, as adopted in Connecticut, as they bear on the court's personal jurisdiction over the parties, more specifically, the plaintiff, Mildred Hornblower.

The defendant, John Hornblower, appeals from the judgment of the trial court dismissing his postjudgment motion to modify alimony[3] on the ground that the court lacked personal jurisdiction over the plaintiff because, although the parties were divorced in Connecticut, she no longer resided in this state. We reverse the judgment of the trial court.

The parties were divorced in Connecticut on September 16, 2005. Pursuant to the judgment of dissolution, the defendant was ordered, inter alia, to pay the plaintiff alimony in an amount that was modifiable as to the amount. In 2009, the defendant filed an initial motion to modify his alimony obligation in Connecticut. That motion was resolved by a stipulation between the parties that was made an order of the court in March, 2010. Both parties thereafter moved out of the state of Connecticut, the plaintiff to Georgia and the defendant to Colorado. No additional action in this case was taken by either party until October 22, 2012, when the defendant filed the motion to modify alimony that ultimately gave rise to this appeal.[4] The plaintiff filed a motion to dismiss the defendant's motion to modify on the ground that the court lacked personal jurisdiction over her pursuant to General Statutes §§ 46b-46 and 46b-212d (a). The trial court agreed that those statutes controlled its decision and that neither of those statutes permitted the court to exercise personal jurisdiction over the plaintiff. The trial court thus dismissed the defendant's motion to modify and this appeal followed.

On appeal, the defendant claims that the trial court improperly relied on §§ 46b-46 and 46b-212d (a) in determining that it lacked personal jurisdiction over the plaintiff because neither statute applies to a postjudgment motion to modify financial orders. We agree. Section 46b-46 (a) permits the exercise of jurisdiction

over a nonresident "[o]n a complaint for dissolution, annulment, legal separation or custody . . . ." Section 46b-212d (a) provides for the exercise of personal jurisdiction over a nonresident "in a proceeding to establish or enforce a support order or to determine paternity . . . ." Because those statutes explicitly prescribe the circumstances to which they pertain, and a motion to modify an existing alimony order is not one of those situations, neither pertains to the issue at hand. The defendant claims, rather, that because the Superior Court of this state has already exercised jurisdiction over the parties in entering a judgment of dissolution of the parties' marriage and issuing the accompanying financial orders, including the order here at issue, the court's exercise of personal jurisdiction is controlled by § 46b-212d (c).

A challenge to the trial court's personal jurisdiction over a party is a question of law, over which our review is plenary. *Myrtle Mews Assn., Inc.* v. *Bordes*, 125 Conn. App. 12, 15, 6 A.3d 163 (2010). Because, moreover, the jurisdictional challenge raised in this appeal is premised upon the interpretation of § 46b-212d (c), our review of the question of law thus presented also is plenary. *Fairchild Heights Residents Assn., Inc.* v. *Fairchild Heights, Inc.*, 310 Conn. 797, 808–809, 82 A.3d 602 (2014). "The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) Id.

Section 46b-212d (c) provides: "Personal jurisdiction acquired by the Family Support Magistrate Division in a proceeding under sections 46b-212 to 46b-213w, inclusive, or other law of this state relating to a support order continues as long as the Family Support Magistrate Division has continuing, exclusive jurisdiction to modify its order or continuing jurisdiction to enforce its order as provided by sections 46b-212h and 46b-212i." Although § 46b-212d (c) provides for the retention of personal jurisdiction by the family support magistrate, and not explicitly by the Superior Court, the defendant argues that it must be read to apply as well to the

Superior Court. In support of that position, the defendant argues that § 46b-212d (c) embodies the spirit and intent of § 202 of UIFSA, and thus permits the court to exercise personal jurisdiction over the parties. Indeed, the historical and statutory notes to § 46b-212d draw a parallel between that statute and §§ 201 and 202 of UIFSA. See Conn. Gen. Stat. Ann. § 46b-212d (West 2009), historical and statutory notes. We thus turn to an examination of the mandates of UIFSA.

As with continuing exclusive jurisdiction over the subject matter involved in a dispute concerning a spousal support order, the language of UIFSA is clear and unambiguous as to personal jurisdiction over the parties involved in such a dispute. Under UIFSA, only a tribunal of the state that issues a spousal support order may modify that order. Section 202 of UIFSA provides: "Personal jurisdiction acquired by a tribunal of this State in a proceeding under this [Act] or other law of this State relating to a support order continues as long as a tribunal of this State has continuing, exclusive jurisdiction to modify its order or continuing jurisdiction to enforce its order as provided by Sections 205, 206, and 211." The comment to § 202 further explains as follows: "It is a useful legal truism after a tribunal of a state issues a support order binding on the parties, which must be based on personal jurisdiction by virtue of *Kulko* v. *Superior Court*, 436 U.S. 84 [98 S. Ct. 1690, 56 L. Ed. 2d 132] (1978) and *Vanderbilt* v. *Vanderbilt*, 354 U.S. 416 [77 S. Ct. 1360, 1 L. Ed. 2d 1456] (1957), jurisdiction in personam continues for the duration of the support obligation absent the statutorily specified reasons to terminate the order. The rule established by UIFSA is that the personal jurisdiction necessary to sustain enforcement or modification of an order of child support or spousal support persists as long as the order is in force and effect, even as to arrears. . . . This is true irrespective of the context in which the support order arose, e.g., divorce, UIFSA support establishment, parentage establishment, modification of prior controlling order, etc. Insofar as a child support order is concerned, depending on specific factual circumstances a distinction is made between retaining continuing, exclusive jurisdiction to modify an order and having continuing jurisdiction to modify an order. . . . *Authority to modify a spousal support order is permanently reserved to the issuing tribunal. . . .*" (Emphasis added.)

This principle is further explicated in the comment to UIFSA § 211, the counterpart to § 46b-212h (f) (1), which explains: "Under UIFSA . . . only the tribunal in the original issuing State may modify the order under its law. . . . The prohibition of modification of spousal support by a nonissuing state tribunal under UIFSA is consistent with the principle that a tribunal should apply local law to such cases to insure efficient handling and to minimize choice of law problems. Avoiding con-

flict of law problems is almost impossible if spousal support orders are subject to modification in a second state." The comment goes on to explain that the restriction of modification to the issuing state is based upon the varying views of different states regarding the factors that may or may not affect a modification of spousal support, such as cohabitation or remarriage, or increases or decreases in the incomes of the parties. Because different states accord various levels of weight to such factors, the goal of uniformity propounded by UIFSA is best served if the jurisdiction to modify is reserved to the state in which the order initially was issued.

The defendant's position is further supported by the well established principle that once a court has exercised personal jurisdiction over the parties in an action, jurisdiction over those parties continues for subsequent proceedings that arise out of that action. 1 Restatement (Second), Conflict of Laws § 26 (1971). This court has long abided by that principle in stating that "[u]nder the doctrine of continuing personal jurisdiction, once a divorce judgment is granted by a court with personal jurisdiction, neither party can escape jurisdiction in future proceedings that attempt to modify or alter the judgment." *Cashman* v. *Cashman*, 41 Conn. App. 382, 390, 676 A.2d 427 (1996). In other words, once a party has availed him or herself of the benefits of bringing a dissolution action in Connecticut, personal jurisdiction over the parties to that action is retained for the life of the orders rendered therein. Id.

Moreover, to construe the statutes in the manner asserted by the plaintiff would lead to the absurd result of allowing a party to escape modification of a spousal support order simply by moving out of state. See *Panganiban* v. *Panganiban*, 54 Conn. App. 634, 641–42, 736 A.2d 190, cert. denied, 251 Conn. 920, 742 A.2d 359 (1999). According to the plaintiff's reading of the statutes, once a party moves out of state, only the state that issued the order has subject matter jurisdiction over that order, but that state cannot modify, or even enforce, that order because it will have lost personal jurisdiction over the departing party. In that scenario, no other state could modify the order, including the domicile state of the nonresident party, because only the issuing state has continuing exclusive jurisdiction, or subject matter jurisdiction, over that order.[5] To conclude that a party can simply move out of state to avoid a modification of a spousal support order would frustrate the intent of UIFSA and its related jurisdictional provisions. That certainly cannot be the meaning of our interstate mandates.

On the basis of the foregoing, we conclude that the trial court erred in granting the plaintiff's motion to dismiss the defendant's motion to modify on the ground that it lacked personal jurisdiction over the parties.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion to dismiss and for further proceedings according to law.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Pursuant to 42 U.S.C. § 666 (f), states must enact the provisions of UIFSA in order to receive federal funding for the states' child support enforcement agencies.

[2] General Statutes § 46b-212h (f) (1) provides: "The Family Support Magistrate Division or Superior Court issuing a spousal support order consistent with the law of this state has continuing exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation."

[3] The defendant's postjudgment motion actually is entitled "Defendant's Postjudgment Motion to Modify Alimony and Support." Because the motion sought only a modification of the defendant's alimony obligation, which was the only remaining support obligation of the defendant at the time that he filed that motion, we refer to it in this opinion as a motion to modify alimony or spousal support.

[4] On that date, the defendant also moved for a modification of the order that he pay for life insurance premiums for so long as he has an alimony and/or child support obligation. It does not appear that any action was taken on that motion.

[5] General Statutes § 46b-212h (f) (2) provides: "The Family Support Magistrate Division and the Superior Court may not modify a spousal support order issued by a tribunal of another state having continuing exclusive jurisdiction over that order under the law of that state."

Both Georgia and Colorado have statutes that prevent each of those states from modifying a spousal support order issued by a court of another state that has continuing exclusive jurisdiction. Connecticut is thus the only forum in which the alimony order in this case may be modified.

---