[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff law firm brings this action alleging that the defendant breached his written fee agreement with the plaintiff by failing to pay the alleged balance due under the agreement. The defendant disputes owing any balance to the plaintiff. In his answer to the complaint he denied the material allegations of the complaint, but filed no special defenses.
Attorney Daniel J. Mahaney, a principal of the plaintiff, was consulted by the defendant in the spring of 1994 with respect to ongoing litigation matters between the plaintiff and his father, Robert C. Baker. The defendant, a lawyer who resides in North Carolina, was a beneficiary of approximately ten family trusts and/or partnerships established and controlled by his father. He had been attempting for several years to obtain distributions as well as financial information with respect to the trusts and partnerships. In August, 1994 Mahaney began to spend significant time on the defendant's matters. On August 10, 1994, the defendant signed a fee agreement which provided that the plaintiff's fees would be charged at an hourly rate of $175. The plaintiff billed the defendant monthly.
Beginning with the March 15, 1995 bill, the plaintiff increased the hourly rate to $225. Mahaney informed the defendant verbally of the increase, which was also shown on each bill. The defendant paid two retainers and made payments to the plaintiff monthly on account that totaled approximately $47,000. The relationship between Mahaney and the defendant became strained in CT Page 5679 the fall of 1995, although Mahaney continued to represent the defendant until the spring of 1996. The defendant's last payment on account was made in August 1995. The balance of fees allegedly owed the plaintiff is $35,851.75.
The relationship between attorney and client is confidential in nature and results in the imposition of a fiduciary duty on the attorney. Beverly Hills Concepts, Inc. v. Schatz Schatz,Ribicoff Kotkin, 247 Conn. 48, 56 (1998); Andrews v. Gorby,237 Conn. 12, 20 (1996). The attorney as fiduciary bears a two fold burden in dealings with the client. First, the attorney bears the burden of proving fair dealing with the client. Secondly, the attorney bears a higher burden of proof than the customary standard; the attorney must prove fair dealing with the client by clear and convincing evidence. Id. 21; Dunham v. Dunham,204 Conn. 303, 322-3 (1987). Our courts have always given close scrutiny to attorney-client relationships. Andrews v. Gorby, supra, 237 Conn. 21. This is particularly true with respect to actions taken during the course of an attorney-client relationship. DiFrancesco v. Goldman, 127 Conn. 387, 392 (1940). Any doubts concerning such actions are to be resolved in favor of the client. Id.
There are four areas of disagreement between the parties with respect to the legal fees charged by the plaintiff to the defendant. Chief among them is the increase in the hourly rate from $175 to $225 beginning with the March, 1995 bill. The court credits Mahaney's testimony that he informed the defendant verbally of the increase. It is also clear that the defendant paid bills that were calculated at the higher rate. However, this evidence without more is not sufficient to sustain the plaintiff's burden of proving by clear and convincing evidence that he dealt fairly with the defendant in unilaterally raising the billing rate by $50 per hour.
The courts closely scrutinize an attorney who, during the course of the representation, seeks greater compensation than previously agreed upon with the client. Close scrutiny is necessary because of the potential for coercion, undue influence or taking unfair advantage against the client. R. Rossi, Attorneys' Fees (2d Ed. 1995) § 1:13, p. 39-42. Some of the factors to be considered by the court in determining whether the attorney acted fairly in seeking compensation greater than that originally agreed upon include whether the attorney exerted any undue influence on the client, whether the attorney made full CT Page 5680 disclosure of all facts relevant to the increase and whether the amount of the increase is reasonable or excessive. R. Rossi, Attorneys' Fees, supra, § 1:14, p. 42-47. The plaintiff offered no evidence on any of these points and failed to provide any explanation with respect to the increase. The plaintiff having failed to satisfy its burden of proof, the court finds that all of plaintiff's billing both for Mahaney's time as well as the time of other attorneys should not have been billed at a rate higher than $175 per hour as agreed by the defendant.
The second dispute between the parties concerns the plaintiff's billing for time spent on the defendant's matters by Attorney Robert Hanahan. In 1994 Hanahan had his own practice in Middlebury, although he was closing it down. Mahaney had Hanahan assist him on the defendant's litigation matters under Mahaney's supervision from the outset of the representation. Hanahan entered his own appearance for the defendant and met with the defendant and others, performed research, conferred with Mahaney and made court appearances including attending the trial. Each month Hanahan would report to Mahaney the number of hours he spent on the defendant's matters so that Mahaney could include his time in the plaintiff's monthly bills. Mahaney paid Hanahan $125 per hour, but he billed Hanahan's time to the defendant for $175 per hour and later, for $225 per hour. Hanahan did not at any time become associated with the plaintiff's firm.
The plaintiff bears the burden of proving by clear and convincing evidence that it dealt fairly with the defendant in its billing for Hanahan's time. Mahaney testified that Hanahan was proficient at procedural issues, that it was necessary for him to have Hanahan with him in court during court appearances and that the plaintiff firm provided whatever typing assistance Hanahan needed. The court infers from this testimony and from that of the defendant that Mahaney did not tell the defendant that he was billing Hanahan's time at a rate higher than he was paying Hanahan. This evidence is insufficient to meet the requisite high standard of clear and convincing evidence of fairness. Accordingly, the court finds that the defendant should not have been billed for any amount in excess of the $125 per hour that the plaintiff paid Hanahan.
The third dispute between the parties concerns the billing for the time of an attorney named Janice Eschert. Eschert began working for Mahaney in May, 1995 on a part-time basis, three days a week. She had been admitted to the Connecticut bar CT Page 5681 approximately two years earlier. She became very actively involved in Mahaney's representation of the defendant. After Eschert began working on the defendant's matters, Hanahan ceased his efforts on the defendant's behalf. Eschert's name never appeared on the plaintiff's letterhead. Mahaney could not recall exactly how much Eschert was paid, but thought that it was probably three-fifths of an annual salary of $45,000 because she worked only three days per week.
The defendant's first dispute about the billing concerning Eschert's time is the same as his dispute about the billing concerning Hanahan — that it was improper to bill for Eschert's time at an hourly rate substantially in excess of what she was being paid. Because Eschert was never an associate in the plaintiff firm, the fee agreement between the plaintiff and defendant was not applicable to bills for her time. Thus the plaintiff is obligated to show by clear and convincing evidence that he dealt fairly with the defendant in billing Eschert's time. The limited evidence on this issue is that the defendant was aware that Eschert was working on the defendant's matters because she frequently conferred with the defendant on the phone. Mahaney also testified that it was necessary to have Eschert with him in court during court appearances. The court infers that Mahaney did not tell the defendant that he was billing Eschert's time at a rate higher than he was paying Eschert. This limited evidence is not sufficient to meet the plaintiff's high burden of proof with respect to billing for Eschert's time. Therefore, the court finds that the defendant should not have been billed for an amount in excess of what the plaintiff firm was paying Eschert.
The next billing issue raised by the defendant is "double billing" by the plaintiff, e.g., billing the defendant for time spent by two lawyers on the same tasks or for the time of both lawyers when they confer together about the matter. In the "Legal Argument" section of the defendant's brief there are two references to overbilling. The first reference explains what the defendant means by the term. In the second reference, counsel for the defendant merely states that many hours that were billed were double billed. No legal authority concerning double billing is cited. No analysis is made of the specific hours that the defendant believed constituted double billing. A claim that is given only cursory attention in a brief without substantive discussion or citation of authorities is deemed to be abandoned.State v. Sewell, 38 Conn. App. 20, 28 (1995)
Analysis is required in order to avoid abandoning an issue by failure to brief it CT Page 5682 properly. Cummings v. Twin Tool Manufacturing Co.,40 Conn. App. 36, 45 (1996). The court finds that the defendant abandoned the issue of double billing by failing to brief it properly.
The defendant's final contention is that the plaintiff breached the Rules of Professional Conduct by failing to inform him of the fact that there were no financial statements for the Baker Family partnership. This contention can be quickly resolved. The defendant failed to file any special defenses in this action. His contention that the plaintiff law firm breached the Rules of professional Conduct is one that must be raised by a special defense in accordance with Practice Book § 10-50, which provides, "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." The defendant cannot be heard on his final claim because he failed to raise the claim by special defense.
As a result of the court's findings as set forth in this memorandum, certain reductions must be made from the balance of $35,851.75 allegedly due the plaintiff. First, there must be a reduction of $50 for each hour of attorney time billed at $225 instead of $175, a total of 259.83 hours. That reduction totals $12,991.50. Next, all the hours billed for Hanahan's time must be further reduced from $175 to $125, a $50 reduction for 94 hours, totaling $4,700. Finally, all the hours billed for Eschert's time must be further reduced from $175. The defendant, in his brief, sets forth a calculation showing that a reasonable estimate of the amount paid to Eschert was $25 per hour. The plaintiff did not file a reply brief taking issue with those calculations. A reduction of $150, from $175 to $25, for 93.45 hours totals $14,017.50. The balance due the plaintiff is $4,142.75 plus costs and judgment is entered for that amount. The plaintiff's request for interest is denied.
VERTEFEUILLE, J.