[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, an attorney, brings this action to recover for services rendered to the defendants between July 1992 and October 1997. He alleges that there was an initial agreement between the parties that the plaintiff would charge reasonable fees and the defendants would pay such fees including disbursements and expenses incidental thereto. He further alleges that, on or about July 21, 1997, the parties entered into an installment Payment Agreement regarding the fees then due and fees to become due for services to be rendered as set forth therein. He claims that the amount due in accordance with the agreement as of November 1, 1997 was $10,789.00 and that on November 5, 1997 the defendants were in default on the installment payment due on November 1, 1997. On or about November 7, 1997 the plaintiff alleges that he made demand for the November installment and, after the defendants failure to cure their default, he made demand for payment of the balance then due which the defendants have failed and refused to pay.
The defendants admit that the plaintiff performed legal services for them during the approximate times recited and that an installment agreement was signed but specially pleaded that such agreement was obtained by undue influence and duress and that the amount of money owed CT Page 2144 was misrepresented. They also allege that there is no consideration for the agreement.
This case was remanded from the Appellate Court for a new trial. The trial judge, Wagner, J., had found in favor of the plaintiff on the complaint on the basis of quantum meruit after determining that the installment Payment Agreement was void and unenforceable by reason of the evidence presented under the defendants' special defense of "duress" and found in favor of the plaintiff on the defendants' counterclaim for an alleged violation of CUTPA and for intentional infliction of emotional distress. The issues under the counterclaim had not been appealed. The remand was only on the plaintiff's complaint in that the trial judge had based his determination of "duress" on the mistaken belief that the installment agreement was presented to the defendants for the first time in the courthouse on the day of the hearing on the motion to reopen the foreclosure of their home which they feared losing without the plaintiff's legal assistance.
The evidence produced that the defendants, in financial difficulties, party to a mortgage foreclosure of their home with a law day in September of 1992, after being referred to the plaintiff attorney, on August 20, 1992 entered into a retainer agreement for a Chapter 13 filing, with a basic lump sum of $1,500.00, filing fee of $120.00 and forms of $16.00 for a total of $1,636.00. Plaintiff's Exhibit 1. The agreement provided for additional fees if there was more than three conferences, more than one revised plan, motions of creditors for relief of stay or objections to proofs of claim. The plaintiff kept a record of his time and sent them out monthly. Plaintiff's Exhibit 2. After this application was dismissed and the defendants' car was recovered from repossession, a new Chapter 13 was filed. The time records for the first Chapter 13 totaled $8,907.75 and the plaintiff settled for the $500.00 originally paid and $2,100.00 obtained from the defendants' trust funds. See Plaintiff's Exhibits 1 and2. The plaintiff submitted his time record for the period from May 4, 1993 to April 26, 1994, Plaintiff's Exhibit 3, and submitted his bill of $11,633.38 to the Bankruptcy Court which awarded him $5,000.00. He eventually accepted that award. The confirmation of a plan in the second Chapter 13 filing was approved sometime in April, 1994.
In September, 1994 the defendants again sought the plaintiff's assistance when there were claimed failures to adhere to the confirmed plan. The plaintiff again kept a record of his time and billings and sent them out monthly. See Plaintiff's Exhibit 4. These charges were called post confirmation fees. The defendants were reminded that nothing was being paid on them and the plaintiff would accept installment payments monthly. Without such monthly payments the plaintiff would discontinue his service. See Plaintiff's Exhibit 5. The defendants were notified of CT Page 2145 the revival of the foreclosure proceeding and that a Chapter 7 filing was necessary but that the plaintiff would withdraw if the defendants didn't bring their 1996 payments up to date and agree as to the 1997 fees which will be incurred by the plaintiff by his letter dated March 25, 1997. SeePlaintiff's Exhibit 6. By letter dated April 26, 1997 the plaintiff noted to the defendants that their April 1997 payment had not been received as agreed in January which is necessary for him to continue with all the additional creditors he must deal with and the mortgagee pressing for a law day. See Plaintiff's Exhibit 7. On June 5, 1997 the plaintiff again threatens that additional fees will be needed which will not be able to be raised by new refinancing so that if the defendants are not prepared to accommodate for such fees with the plaintiff they should obtain new counsel. See Plaintiff's Exhibit 8. By letter dated July 12, 1997 the plaintiff told the defendants that he was withdrawing as counsel in that they refused to sign the agreement regarding further representation after December 31, 1996. See Plaintiff's Exhibit 9. The defendants finally signed the Installment Payment Agreement on July 24, 1997, Plaintiff'sExhibit 13, after an explanation of the plaintiff's position as contained in letters dated July 14, 1997, July 17, 1997 and July 22, 1997 being respectively Plaintiff's Exhibits 10, 11 and 12. The transcript of Mr. White's testimony, Plaintiff's Exhibit 17, clearly indicates that the defendants had received the various communications from the plaintiff and Mrs. White admitted receiving bills and making installment payments. She also testified that she could have gotten another attorney but that it would be complicated and signed the Installment Payment Agreement which was the copy received by the defendants through their facsimile machine on July 22, 1997. Plaintiff's Exhibit 13. In October, after the Chapter 7 bankruptcy was completed and the title to the defendants' home was cleared and the foreclosure procedure was terminated by a refinancing closing, the defendants sent a letter to the plaintiff dated October 28, 1997 contesting the plaintiff's billings. Plaintiff's Exhibit 14. No further payments have been made leaving a balance as of November 1, 1997 of $10,789.00. Upon default of any monthly payment the Agreement calls for statutory interest plus costs of collection including attorney's fees.
The evidence demonstrates that the plaintiff had kept the defendants informed about his fees and their failure to keep them paid up to date. he also requested them to sign an installment payment agreement if they were to have him continue to represent them or seek other counsel. The defendants have failed to prove undue influence or duress. Noble v.White, 66 Conn. App. 54, 58-59. No misrepresentation has been shown and an attorney is giving consideration for an agreement for installment payment of the sum which he honestly believes he is entitled to receive when he agrees to continue to represent them. The contract having been fairly made and no unconscionable advantage taken of the defendants, the CT Page 2146 contract must be sustained. DiFrancesco v. Goldman, 127 Conn. 387, 393.
The court therefore finds for the plaintiff as against the defendant on the complaint and the special defenses and therefore finds the principal sum due on November 1, 1997, the date of the default, to be the adjusted sum found on Plaintiff's Exhibit 15 $10,665.25 and interest in accordance with Conn. Gen. Stat. § 37-3a at the rate of 10% from November 1, 1997 plus a reasonable attorney's fee and costs.
 ___________________ Thomas H. Corrigan Judge Trial Referee