STATE OF CONNECTICUT *v.* JAMES H. SEWELL
(12199)

O'CONNELL, LAVERY and FREEDMAN, Js.

Argued February 21—decision released May 23, 1995

*James J. Ruane,* with whom, on the brief, was *Nancy A. DeRose,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *Eugene Callahan,* state's attorney, and *Robert Katz,* senior assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134,[1] assault in the first degree in violation of General Statutes § 53a-59,[2] burglary in the second degree in violation of General Statutes § 53a-102,[3]

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime *of robbery as defined in section 53a-133* or of immediate flight therefrom, he . . . (1) Causes serious physical injury to any person who is not a participant in the crime; or (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument . . . ." (Emphasis added.) The emphasized portion of the statute was added in 1992 and represents no substantive change from the statute in effect at the time of the crime here.

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[3] General Statutes § 53a-102 (a) provides: "A person is guilty of burglary in the second degree when he enters or remains unlawfully in a dwelling at night with intent to commit a crime therein."

and larceny in the fourth degree in violation of General Statutes § 53a-125.[4]

The defendant claims that (1) there was insufficient evidence of serious injury to sustain the robbery and assault convictions, (2) the trial court improperly instructed the jury on the unanimous verdict requirement in the robbery and burglary counts, and (3) the trial court improperly admitted evidence that the defendant wanted to consult his attorney before agreeing to a polygraph examination.[5] We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On August 11, 1991, the female victim was employed in Wilton as a home health care worker for a ninety-one year old woman. About 11:30 p.m., the victim heard a knock at the kitchen door, and, thinking it was the elderly woman's grandson, she opened the door. It was not the grandson, but a stranger, later identified as the defendant, who asked to use the telephone. When the victim directed him to a nearby pay phone, he stepped inside the door and asked where the money was kept. The defendant was holding a baseball bat in his right hand and a knife in his left. When the victim responded that she did not know where the money was kept, the defendant kicked her in the abdomen and, using his left hand, which held the knife, struck her in the face, knocking her to the floor. As she lay on the floor, he hit her head with the baseball bat. She was very dizzy and experienced pain in her head and abdomen. The victim is not sure whether she

---

[4] General Statutes § 53a-125 (a) provides: "A person is guilty of larceny in the fourth degree when he commits larceny as defined in section 53a-119 and the value of the property or service exceeds five hundred dollars."

[5] The defendant initially made another claim involving the absence of the trial judge during voir dire. State v. Patterson, 230 Conn. 385, 645 A.2d 535 (1994), was decided after this appeal was taken and disposes of this issue. The defendant withdrew this claim.

was rendered unconscious, but there is a period of time for which she cannot account. While the victim was on the kitchen floor, the defendant took about $600 from her purse.

The victim crawled to the kitchen telephone, in an attempt to summon help, but found that the phone cord had been cut. The elderly woman's grandson arrived and found the victim in a fetal position on the kitchen floor complaining that her head felt as though it were going to explode.

An ambulance transported the victim to a hospital where she remained for eight days, three of them in the intensive care unit. Hospital records showed that during her stay she suffered numerous pseudoseizures including six on the day she was admitted.

The procedural genesis of the second and third claims is included with the analyses of those issues.

## I

The defendant argues that the evidence was insufficient to sustain a conviction on the robbery and assault counts, and, therefore, that the trial court improperly failed to grant his motion for a judgment of acquittal on those counts. Proof that the victim suffered a serious physical injury is an element of both crimes. Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes . . . serious impairment of health or serious loss or impairment of the function of any bodily organ." General Statutes § 53a-3 (4).

Whether a victim has suffered a serious physical injury is a question of fact for the jury. *State* v. *Rumore*, 28 Conn. App. 402, 414, 613 A.2d 1328, cert. denied, 224 Conn. 906, 615 A.2d 1049 (1992). On appeal, our courts accord great deference to the jury's factual conclusions. *State* v. *Sivri*, 231 Conn. 115, 134, 646 A.2d 169 (1994).

The jury could reasonably have inferred that the victim was rendered unconscious by the blow to her head. This court has previously addressed the issue of whether unconsciousness constitutes serious physical injury. In *State* v. *Rumore*, supra, 28 Conn. App. 415, we held that "[t]he jury could properly interpret the evidence to prove that the victim's brain was not functioning at a cognitive level when she was unconscious and, thus, was impaired." Accordingly, we cannot say as a matter of law that the jury in the present case could not reasonably have found that the victim suffered a serious physical injury. *State* v. *Miller*, 202 Conn. 463, 489, 522 A.2d 249 (1987).

The trial court properly refused to direct a judgment of acquittal on the robbery in the first degree and assault in the first degree counts.

## II

The defendant next contends that the trial court improperly failed to give a specific unanimity instruction in connection with the burglary and robbery charges.

The trial court instructed the jury that it could find the defendant guilty of burglary in the second degree if it found that the defendant had *entered* or *remained* unlawfully on the premises.[6] The defendant complains

---

[6] The relevant portion of the trial court's instructions on burglary in the second degree is as follows: "You must first decide whether the following elements of burglary have been proven beyond a reasonable doubt: One, that the defendant knowingly entered or remained unlawfully in the premises . . . . Two, that such premises constituted a building . . . . Three, that the unlawful entry or remaining was effected or occurred with the defendant's intent to commit a crime in the building, a crime of robbery, larceny or assault. . . . In other words, the state must prove beyond a reasonable doubt either that the defendant entered unlawfully, or that regardless of how he entered, he remained unlawfully. A person enters unlawfully in or upon premises, when the premises at the time of such entry or remaining are not open to the public, and when the defendant is not otherwise

that the court did not specifically instruct the jury that it had to unanimously agree either that the defendant entered the dwelling unlawfully *or* that he remained in the dwelling unlawfully.

The trial court also instructed the jury that it could find the defendant guilty of robbery in the first degree if it found that, in the course of commission of the robbery, the defendant had caused *serious physical injury* to the victim or *used or threatened the use of a dangerous instrument.*[7] The defendant complains that the trial

licensed or privileged to do so. . . . It doesn't matter how he may actually have entered. If he did so without permission, he has entered unlawfully. You must further find that the unlawful entry or remaining in the premises was effected or occurred with the defendant's intent to commit a crime in the building.''

[7] The court instructed the jury on robbery in the first degree as follows: "Now, the degree of robbery is robbery in the first degree, and a person is guilty of robbery in the first degree when in the course of commission of the crime, that is, the crime of robbery, he causes serious physical injury to any person who is not a participant in the crime, in this case, the victim . . . or uses or threatens the use of a dangerous instrument. Here we have testimony of the use of a baseball bat and the threatened use of a knife. Robbery becomes first degree when any of these aggravating factors occurs in the course of a commission of a robbery. Remember, you will consider robbery in the first degree only after you have determined that the defendant committed robbery. Robbery in the first degree requires the occurrence of any one of the following aggravating factors, and there are two. First, causing serious physical injury to the victim—serious physical injury means physical injury which creates substantial—you've heard this before because it applies also to assault in the first degree. Serious physical injury means physical injury which creates a substantial risk of death, or which causes serious disfigurement, or serious impairment of health, or serious loss or impairment of a function of any bodily organ. Serious physical injury imports a meaning more than mere physical injury which is defined as impairment, a physical condition or pain. The other aspect and element of robbery in the first degree is that the person uses or threatens the use of a dangerous instrument. A dangerous instrument means any instrument, article or substance which under the circumstances in which it is used, or attempted, or threatened to be used is capable of causing death or serious physical injury . . . . [A]ny article or substance without limitations, and even though such are harmless under normal use, may be found by you to be a dangerous instrument if, under the circumstances of its use, or threatened or attempted use, it is readily capable of producing serious physical

court did not specifically instruct the jury that it had to agree unanimously as to whether the defendant (1) threatened the victim with the knife, (2) hit her with the baseball bat, or (3) inflicted serious injury on her.

The trial court instructed the jury that its verdicts must be unanimous but gave no further instructions on unanimity. The defendant did not request a unanimity instruction or take exception to the charge as given. Because these claims were not preserved the defendant seeks review under the doctrine of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[8]

"In recent years, our Supreme Court has delineated a test for determining the necessity of a unanimity charge. *State* v. *Reddick*, 224 Conn. 445, 453–54, 619 A.2d 453 (1993); *State* v. *Famiglietti*, 219 Conn. 605, 619–20, 595 A.2d 306 (1991); *State* v. *Anderson*, 211 Conn. 18, 35, 557 A.2d 917 (1989). 'We first review the instruction that was given to determine whether the trial court has sanctioned a nonunanimous verdict. *If such an instruction has not been given, that ends the matter.*' " (Emphasis in original.) *State* v. *Nixon*, 32

injury or death. To summarize with regard to robbery in the first degree; if you find beyond a reasonable doubt that a robbery was committed by [the] defendant, and in the course of its commission he caused serious physical injury to the victim, or used, or threatened the use of a dangerous instrument, you should return a verdict of robbery in the first degree. If, however, you find that the state has failed to prove beyond a reasonable doubt any of the elements of robbery, you must find the defendant not guilty."

[8] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. " 'The first two conditions are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself.' " *State* v. *Cardany*, 35 Conn. App. 728, 733, 646 A.2d 296 (1994), quoting *State* v. *Graham*, 33 Conn. App. 432, 442, 636 A.2d 852, cert. denied, 231 Conn. 942, 653 A.2d 82 (1994).

Conn. App. 224, 244, 630 A.2d 74 (1993), quoting *State* v. *Famiglietti*, supra, 619.

"In the present case, the jury instructions are devoid of any indication that the trial court expressly sanctioned a nonunanimous verdict . . . ." *State* v. *Nixon*, supra, 32 Conn. App. 244. Although the court did not give a specific unanimity instruction in either the burglary or the robbery instructions, "we cannot interpret the court's silence as sanctioning a nonunanimous verdict." Id., 245.

"Having determined that the court never expressly sanctioned a nonunanimous verdict, our analysis of the defendant's claim does not proceed further. [T]he court must inquire into the conceptual distinction between the alternative acts charged, and whether the state had presented evidence to support each alternative act, *only if* the trial court *expressly* sanctioned a nonunanimous verdict. . . . We conclude that the trial court's instructions were not fundamentally unfair to the defendant and that the defendant accordingly cannot prevail under the bypass of *State* v. *Golding*, supra [213 Conn. 239–40]." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Nixon*, supra, 32 Conn. App. 245.

Further analysis of this claim is not warranted.

### III

In his final claim, the defendant argues that the trial court improperly admitted into evidence the fact that the defendant invoked his right to counsel regarding a proffered polygraphic examination. On direct examination, a police officer testified that, "I asked [the defendant] if he was willing to consent to a polygraph test, at which time he requested to speak to an attorney."[9]

[9] The conversation took place at the defendant's home, about one week prior to his arrest. Accordingly, *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), is not implicated.

The defendant did not object to this testimony, nor did he ask the court to give a limiting or cautionary instruction. The following day, in the jury's absence, the court admonished counsel not to pursue the polygraph area further. The defendant still did not seek a limiting and cautionary instruction, nor did he request that the testimony be stricken.

The defendant seeks review of this unpreserved claim under the *Golding* doctrine.[10] We focus on the second *Golding* prong to determine whether the claim is of constitutional magnitude. The defendant framed this claim in terms of the admissibility of evidence of a response to a request to take a polygraph test. Review of Connecticut polygraph cases indicates that such claims do not implicate a defendant's constitutional rights. Instead, the cases are concerned with the admissibility of the evidence due to questions concerning its reliability. *State* v. *Duntz*, 223 Conn. 207, 238, 613 A.2d 224 (1992); *State* v. *Plourde*, 208 Conn. 455, 471, 545 A.2d 1071, cert. denied, 488 U.S. 1034, 109 S. Ct. 847, 102 L. Ed. 2d 979 (1988); *State* v. *Miller*, 202 Conn. 463, 485–86, 522 A.2d 249 (1987); *State* v. *Mitchell*, 169 Conn. 161, 169, 362 A.2d 808 (1975). Thus, because this is an evidentiary and not a constitutional matter, it is not reviewable under the second *Golding* prong. We will not address, sua sponte, any other claims that might have been raised.

Furthermore, we will not consider this claim as plain error under Practice Book § 4185[11] because "[w]e do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed." *Latham & Associates, Inc.* v. *William*

---

[10] See footnote 8.

[11] Practice Book § 4185 provides in relevant part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court."

*Raveis Real Estate, Inc.*, 218 Conn. 297, 300, 589 A.2d 337 (1991). Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned.[12] Id.; *State* v. *Gaines*, 36 Conn. App. 454, 460, 651 A.2d 1297 (1994).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[12] The complete reference to the plain error claim in the defendant's brief is these two sentences. "Even if this court were to hold that the polygraph issue is not of constitutional dimension, the defendant would submit that it constitutes plain error which should be considered in the interest of justice, Practice Book, Section 4185. The consistent holdings of this court and the Supreme Court demonstrating the inadmissibility of this type of evidence establishes that in this instance plenary review should be accorded to this issue."