[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 11, 1996
FACTS
The plaintiff, Willow Springs Condominium Association, Inc., CT Page 5413 seeks recovery of attorneys fees under CUTPA. This case was tried to a jury in January of 1996. On February 1, 1996, the jury returned a verdict in favor of the plaintiff against the BRT defendants, Seventh BRT Development Corporation, Little Rock Property Corporation and Danbury Crossroads Corporation. The jury specifically found that the BRT defendants fraudulently concealed information from the Association, and made misrepresentations of a knowing and purposeful manner to the Association and the unit owners. On February 2, 1996, the plaintiff filed a post judgment motion seeking attorneys fees. The affidavit of attorneys fees states that total attorneys fees from the inception of the case through the date of the affidavit, March 22, 1996, is $188,854.05. The affiant, plaintiff's counsel, also stated that the firm's time and disbursement records would be disclosed to the court upon request and after oral argument on the motion counsel forwarded the complete records to the court allowing the court to review the billing records in detail.
The defendants objected to the motion for attorneys fees on the grounds that (1) the CUTPA claim was time barred; (2) punitive damages in this state is the equivalent of attorneys fees and to be entitled to attorneys fees in the form of punitive damages "the evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights"; Collens v. New Canaan Water Co., 155 Conn. 477, 489,234 A.2d 825 (1967); and (3) the amount requested contains fees and time for the entire case as opposed to fees based solely upon the CUTPA claim related to the sewage treatment plant. In regard to the last argument, the plaintiff argues that the entire case was about the sewage treatment plant.
DISCUSSION
"General Statutes 42-110g . . . permits a recovery of actual damages, attorneys fees and punitive damages for violations of Connecticut Unfair Trade Practices Act." Freeman v. AlamoManagement Company, 221 Conn. 674, 680 n. 6, 607 A.2d 370 (1992). "The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper." General Statutes 42-110g(a). General Statutes 42-110g(d) further provides that in actions under CUTPA, "the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys fees based on the work reasonably performed by an attorney and not on the amount of recovery." CT Page 5414
As to the defendants' first argument, the claim is barred by the statute of limitations, this is a post judgment motion for attorneys fees. The statute of limitations arguments were heard and decided throughout the course of the trial and will not be further discussed in consideration of the motion presently performed before the court. Additionally, the defendants' argument on the statute of limitations is that the last unit was sold in 1987. "Since more than three years has expired since the sale of the units, the action is barred by the Statute of Limitations." (Defendants' Objection to Plaintiff's Motion for Attorneys Fees.) The above two statements set forth the entire argument presented by the defendants. When a party fails to brief an affirmative claim, the trial court can properly consider it abandoned. Collins v. Goldberg, 28 Conn. App. 733, 738,611 A.2d 938 (1992). See also State v. Sewell, 38 Conn. App. 20, 29,658 A.2d 598, cert. denied, 234 Conn. 918, 661 A.2d 98 (1995) ("Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion of citation of authorities, it is deemed to be abandoned"); Cummings v. Twin Tool Mfg. Co., 40 Conn. App. 36, 45,668 A.2d 1346 (1996) ("Analysis," rather than mere "abstract assertion," is required in order to avoid abandoning an issue by failure to brief the issue properly).
The defendants' second argument, that the evidence must show that the defendants acted with reckless indifference to the rights of others of an intentional and wanton violation of the rights of others, is misplaced. The standard argued by the defendants is the standard applied in awarding punitive damages. "In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. Collens v. NewCanaan Water Co., 155 Conn. 477, 489, 234 A.2d 825 (1967). In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence. Triangle Sheet Metal Works,Inc. v. Silver, 154 Conn. 116, 128, 222 A.2d 220 (1966). Venturiv. Savitt, Inc., 191 Conn. 588, 592, 468 A.2d 933 (1983)."Gargano v. Heyman, 203 Conn. 616, 622, 525 A.2d 1343 (1987). The flaw in the defendants' argument is that awarding attorneys fees under CUTPA is the equivalent of awarding punitive damages. In actions under CUTPA, both punitive damages and attorneys fees may be awarded to prevailing plaintiffs. S S Tobacco CandyCompany, Inc. v. The Stop Shop Companies, Inc., 815 F. Sup. 65
CT Page 5415 (D.Conn. 1992).
"Awarding punitive damages and attorneys fees under CUTPA is discretionary." Gargano v. Heymen, supra, 203 Conn. 622. "The plaintiff who establishes CUTPA liability has access to a remedy far more comprehensive than the simple damages recoverable under common law. The ability to recover both attorneys fees; General Statutes § 42-110g(d); and punitive damages General Statutes § 42-110g(a); enriches the private CUTPA remedy and serves to encourage private CUTPA litigation." Hinchliffe v. AmericanMotors Corp., 184 Conn. 607, 617, 440 A.2d 810 (1981).
"The significance of the broad equitable remedies authorized under CUTPA is underscored by the express language of §42-110g(d), which, in affording the court discretion to order injunctive and other equitable relief in lieu of damages, contemplates plaintiffs' judgments which do not include an award of money damages. These comprehensive remedies, intended to create a climate in which private litigants help to enforce the ban on unfair or deceptive trade practices or acts are significantly broader than those available at common law." (Citations omitted; internal quotation marks omitted.) AssociatedInvestment Co. v. Williams Assoc., 230 Conn. 148, 160,645 A.2d 505 (1994). "Compare Mead v. Burns, 199 Conn. 651, 666 n. 8,509 A.2d 11 (1986) (CUTPA permits recovery of punitive damages and attorney fees not ordinarily available at common law), with Virgov. Lyons, 209 Conn. 497, 503, 551 A.2d 1243 (1988) (cost of litigation and attorneys fees generally not recoverable at common law), and Markey v. Santangelo, 195 Conn. 76, 77-78,485 A.2d 1305 (1985) (punitive damages recoverable at common law only upon showing of wanton and wilful malicious misconduct)." Id., 160-61.
There are twelve guidelines for the court to consider in setting reasonable attorneys fees; "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client of the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Steiger v. J.S. Builders, Inc., 39 Conn. App. 32, CT Page 5416 38, 663 A.2d 432 (1995).
Having reviewed the billing records and considered the above criteria, the court awards $81,508.00 in attorneys fees.
DRANGINIS, J.