## STATE OF CONNECTICUT *v.* GEORGE C. TATE
### (AC 20236)

Lavery, C. J., and Spear and Hennessy, Js.

Argued May 1—officially released August 8, 2000

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Jessica C. Torres-Daigle*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Louis Luba*, assistant state's attorney, for the appellee (state).

LAVERY, C. J. The defendant, George C. Tate, appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70 (a) (1), sexual assault in the third degree in violation of General Statutes § 53a-72 (a) (1) (A), kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), burglary in the first degree in violation of General Statutes § 53a-101 (a) (2), assault in the third degree in violation of General Statutes § 53a-61 (a) (1) and threatening in violation of General Statutes § 53a-62 (a) (1).[1] The defendant claims that the trial court gave an improper instruction to the jury on the thoroughness of the police investigation. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. Several years ago, the victim worked as a confidential informant for the New Britain police department. While in this capacity, the victim purchased drugs from the defendant at 60 Sexton Street in Hartford. The victim's assistance led to the eventual arrest and conviction of the defendant for drug possession.

On May 1, 1998, at approximately, 9 p.m., a man, identified by the victim to be the defendant, forcibly entered the victim's apartment and stated to the victim, "Do you remember me from Sexton Street?" The defendant choked the victim, threatened to kill her if she screamed, forcibly fondled her breasts and vaginal area, and attempted to sodomize her. The victim escaped and fled to the apartment of a neighbor. A police investigation ensued, which led to the arrest of the defendant on June 3, 1998.

[1] Pursuant to General Statutes § 53a-40 (b) and (g), the defendant also was convicted of being a persistent serious felony offender.

The trial began on May 11, 1999, and lasted three days. Before the jury began its deliberation, the court gave various instructions, one of which was the following: "You've heard questioning regarding the thoroughness of the police investigation in this case. This question might be a matter of opinion, but the state has put its evidence before you, and the defense is entitled to make an investigation and put its evidence before you also. And, of course, not only the state but also the defense has put on evidence in behalf of the defendant. I tell you that the issue before you is not the thoroughness of the investigation of the responding police officer; the issue you have to determine is whether the state, in light of all the evidence before you, has proved the defendant's guilt beyond a reasonable doubt as I have recited that to you. That is the sole issue."

After the jury left the courtroom, the defendant objected to the jury instructions on the ground that the "charge on thoroughness in the investigation" was the "last thing that the jury hear[d] before they [went] into deliberation [and] might effect them in terms of objectively looking—I mean, I think that they can surmise that." In response to the defendant's objection, the court offered to reinstruct the jury that "the general instructions given are given in no certain order, and there should be no more weight given to any one because of the order that they are presented." The defendant replied, "That would be great." The court then asked the defendant whether the additional instruction would satisfy his objection, to which the defendant answered, "Yes, Your Honor, certainly."

The court reconvened the jury and gave the curative instruction that "the order in which the general instructions are given and the order in which I went through the crime, the specific crimes and the elements, have no bearing on the importance of those instructions or of the crimes or the elements thereof. Just because I

did something first or second or eighth or tenth or last does not mean that it has any more, and should have no more, influence upon you." The defendant did not voice any further objections. The defendant was convicted on May 13, 1999. This appeal followed.

I

The defendant contends that the jury instruction regarding the police investigation deprived him of a fair trial by undermining the presumption of innocence and diluting the state's burden of proof in violation of the state and federal constitutions. We disagree.

The defendant first claims that his objection to the jury instruction was preserved at trial and also claims that to the extent that it was not so preserved, review is appropriate under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). An objection or claim of error must be distinctly and properly raised at trial or it will be precluded from appellate review unless it meets the requirements of *Golding*. Id., 239–40. "In order properly to preserve for appeal a claimed error in the trial court's charge to the jury, a party must take an exception when the charge is given that distinctly states the objection and the grounds therefor." *State* v. *Miller*, 186 Conn. 654, 657, 443 A.2d 906 (1982). "A defendant must avail himself of the opportunity to make an objection and if he 'does not avail himself of the opportunity, he must be holden to a waiver of the objection.' " *State* v. *Evans*, 165 Conn. 61, 66, 327 A.2d 576 (1973), quoting *State* v. *Tuller*, 34 Conn. 280, 295 (1867).

Here, the defendant failed to make at trial the objections that are presently pending before this court. At trial, the defendant objected solely to the jury instructions on the ground that a prejudicial effect may result from the court's delivery of the instruction about the thoroughness of the police investigation toward the end of the charge. After the court gave a curative jury

instruction, stating that the order in which the instructions were given were irrelevant to their weight, the defendant did not further object. As the defendant failed to raise his current objections before the trial court and stated that his one objection had been satisfied, the defendant failed to preserve any objection for appeal. See *Larsen Chelsey Realty Co.* v. *Larsen*, 232 Conn. 480, 525–26, 656 A.2d 1009 (1995).

As a general rule, this court refuses to hear unpreserved claims. Under *Golding*, however, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40. The defendant cannot meet prong three of the *Golding* test and, thus, his claim must fail.[2]

Under prong three of *Golding*, a challenged jury instruction constitutes a clear constitutional violation that clearly deprives a defendant of a fair trial if it is found reasonably possible that the jury was misled by the court's instruction. *State* v. *Schiappa*, 248 Conn. 132, 171, 728 A.2d 466, cert. denied, 528 U.S. 862, 120 S. Ct. 152, 145 L. Ed. 2d 129 (1999); *State* v. *Walton*,

---

[2] The defendant in his brief focuses primarily on prong three of *Golding*; thus, we, too, will analyze the defendant's claim under prong three.

227 Conn. 32, 65, 630 A.2d 990 (1993). To determine whether it is reasonably possible that the jury was misled by the court's instruction, "[t]he test to be applied to any part of a charge is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." *State* v. *Prioleau*, 235 Conn. 274, 284, 664 A.2d 743 (1995). The challenged instruction must be analyzed for its probable effect on the jury "in the context of the entire charge and the entire trial, rather than as individual sentences or phrases viewed in isolation." *State* v. *Walton*, supra, 66. In evaluating a jury instruction under prong three of *Golding*, "[w]e will not sever one part of the instruction and analyze it separately from the whole." *State* v. *Milardo*, 224 Conn. 397, 409, 618 A.2d 1347 (1993).

The defendant contends that the jury instruction concerning the police investigation diluted the state's burden of proof and thereby misled the jury into believing that the state's burden of proof was less than beyond a reasonable doubt. A thorough review of the transcripts and the jury instruction in its entirety, however, reveals that there is no reasonable possibility that the jury was misled by the challenged jury instruction.

Repeatedly, throughout the lengthy and detailed jury instructions, the court, in clear and legally correct terms, definitively instructed the jury that the burden rests solely on the state to prove the accused guilty of the charges, and that the defendant is presumed innocent unless and until the state proves the defendant's guilt beyond a reasonable doubt. Directly after the challenged instruction, the court stated, "If I had made reference to the position of the state or the accused more of one than the other, it's not my intention to convey to you directly or indirectly how the court feels or what should be the outcome of this case. You may be assured that I have no preference or inclination one way or the other." In fact, almost immediately following

the challenged statement, the court again reminded the jury that "it's the sworn duty of the courts and jurors to safeguard the rights of persons charged with crime by respecting the presumption of innocence, which the law imputes to every person so charged, and by making the state meet its burden of proving the guilt beyond a reasonable doubt." Furthermore, with regard to deference to the police, prior to the challenged instruction, the court declared to the jury that "the testimony of a police officer is entitled to no special or exclusive sanctity merely because it comes from a police officer. . . . In the case of police officers, you should not believe them merely because they are police officers."

After considering the challenged instruction in the context of the jury charge as a whole, we hold that there is no reasonable possibility that the jury was misled into believing that the state's burden of proof was anything less than beyond a reasonable doubt. See *State* v. *Walton*, supra, 227 Conn. 66. When reading the challenged instruction in light of the court's repeated and accurate explanations of the state's burden of proof and the defendant's presumption of innocence, it is clear that the court adequately apprised the jury of the state's burden of proof and the defendant's presumption of innocence.[3] See *State* v. *Milardo*, supra, 224 Conn. 409 (holding in part that jury not misled by challenged portion of instructions when other sections accurately

---

[3] To support his proposition that the state's burden of proof was diluted, the defendant cites *State* v. *Pharr*, 44 Conn. App. 561, 691 A.2d 1081 (1997). *Pharr* does not pertain to the present situation. In *Pharr*, the trial court unambiguously endorsed the police testimony by stating, " 'Now this officer comes here and testifies in good faith what happened, I'll take it anytime over what a report says. I don't even know what report you have or who the author is.' " Id., 566. Here, we have no inflammatory statement of any kind. Therefore, *Pharr* is distinguishable from the present situation. Additionally, unlike the situation in *Pharr*, the court here, on the defendant's objection, offered to give a curative jury instruction that addressed the objection and satisfied the defendant.

explained state's burden of proof). The court's numerous and accurate instructions about the state's burden of proof certainly "eliminated any reasonable likelihood of juror misunderstanding as to the state's burden and the proof necessary for a conviction." *State* v. *Schiappa,* supra, 248 Conn. 173.

Because a reading of the jury instructions in their entirety reveals that there is no reasonable possibility that the jury was misled, the defendant has failed to establish that a constitutional violation clearly exists and clearly deprived him of a fair trial pursuant to prong three of *Golding.* Therefore, the defendant cannot meet all four conditions set forth in *Golding* and cannot prevail on this claim.

## II

The defendant also asks that this court exercise its supervisory authority to discontinue the use of the challenged jury instruction. "Our supervisory powers are not a last bastion of hope for every untenable appeal. They are an *extraordinary* remedy to be invoked only when circumstances are such that the issue at hand, while not rising to the level of a constitutional violation, is nonetheless of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole." (Emphasis in original; internal quotation marks omitted.) *State* v. *Robinson,* 56 Conn. App. 794, 804 n.7, 746 A.2d 210, cert. denied, 253 Conn. 904, 753 A.2d 938 (2000), quoting *State* v. *Hines,* 243 Conn. 796, 815, 709 A.2d 522 (1998). As the situation here fails to rise to the extraordinary status previously described, we do not consider this to be an appropriate case in which to exercise our supervisory powers.

Furthermore, not only do the circumstances in the present situation fall short of warranting such an extraordinary remedy, but our Supreme Court in *State*

v. *Williams*, 169 Conn. 322, 335–36, 363 A.2d 72 (1975), upheld similar language in a challenged jury instruction.[4] Although *Williams* was decided before *Golding*, in evaluating the challenged jury instruction, the court in *Williams* utilized a line of inquiry that substantially parallels an analysis under prong three of *Golding*. In *Williams*, the court evaluated the challenged jury instruction by reading the charge as a whole to determine whether the instruction in its entirety gave the jury a "clear understanding of the issues involved and a proper guidance in determining those issues."[5] The Supreme Court found that such language is not of the kind that would render a jury unable to decide questions of fact and that the jury instruction was not "improper under the circumstances." *State* v. *Williams*, supra, 336.

In the alternative, the defendant requests that a new trial be ordered under the plain error doctrine should this court decline to find that a clear constitutional violation exists. Where a claim is asserted but "thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." *State* v. *Sewell*, 38 Conn. App. 20, 29, 658 A.2d 598, cert. denied, 234 Conn. 918,

---

[4] The defendant in *Williams* objected to the following jury instruction: " 'Now, you have heard in the course of arguments discussion as to whether the police conducted a thorough search. You have also heard some discussion about the competency of the police in this arrest. Now, ladies and gentlemen, this question might be a matter of opinion, but the State has put its evidence before you, and the defense was entitled to make an investigation and put its evidence before you also, and, of course, not only the State but also the defense has put on evidence on behalf of the defendant. I say to you, ladies and gentlemen, that the issue before you is not the thoroughness of the investigation or the competence of the police. The issue you have to determine is whether the State in the light of all of the evidence before you has proved beyond a reasonable doubt that the defendant is guilty on one or both counts with which he is charged.' " *State* v. *Williams*, supra, 169 Conn. 335–36 n.3.

[5] The court in *Williams* was confronted with the similar issue of whether the challenged jury instruction endorsed the police investigation and weighed in favor of the state.

661 A.2d 98 (1995). Beyond requesting that a new trial be ordered, the defendant neglects to discuss his claim under the plain error doctrine. Accordingly, we deny the defendant's request for a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.